IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19cv331-LO-MSN |
| ) | |
| VOLKSWAGEN GROUP OF AMERICA, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS LIMITED MOTION FOR RECONSIDERATION**

MCGUIREWOODS LLP

Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  804-775-4773
Fax:  804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
1700 New York Ave, NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
littletonj@sullcrom.com

*Counsel for Volkswagen Group of America, Inc.*

## TABLE OF CONTENTS

*Page*

**INTRODUCTION** ..................................................................................................................1

**ARGUMENT** ........................................................................................................................2

I. BECAUSE PLAINTIFFS WITHDREW THEIR BREACH OF IMPLIED WARRANTY CLAIMS UNDER ILLINOIS AND WASHINGTON LAW, THESE CLAIMS SHOULD BE DISMISSED. ...........................................................................................................3

II. THE COURT SHOULD HAVE APPLIED THE RULE 9(b) STANDARD TO PLAINTIFFS' FRAUD CLAIMS, WHICH WERE NOT PLEADED WITH THE REQUISITE PARTICULARITY. ................................................................................3

III. BECAUSE PLAINTIFFS' ODOMETER ACT AND BREACH OF CONTRACT CLAIMS ARE DEFICIENT AS A MATTER OF LAW, THE COURT SHOULD HAVE DISMISSED THOSE CLAIMS. ..................................................................................4

    A. Plaintiffs' Odometer Act Claim Fails as a Matter of Law. .......................................5

    B. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law. ...............................6

**CONCLUSION** .....................................................................................................................7

Defendant Volkswagen Group of America, Inc. ("VWGoA") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 54(b) and 59(e) for reconsideration of the Court's denial of VWGoA's motion to dismiss ("Motion" or "Mot.") the amended putative class action complaint (the "Complaint" or "Compl.").

## INTRODUCTION

On August 1, 2019, VWGoA filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. (*See* Docs. 36 & 37.) On October 25, 2019, the Court issued an order (Doc. 49, the "Order") denying VWGoA's motion to dismiss in its entirety, stating that "[h]aving reviewed the pleadings, the Court concludes that Plaintiffs have plausibly pleaded each element of each count in their Amended Complaint." (Order 1.) VWGoA respectfully requests that the Court partially reconsider the Order, for the following three reasons:

*First*, in response to the arguments in VWGoA's Motion, Plaintiffs in their opposition brief ("Opposition" or "Opp.") withdrew certain of their implied warranty claims (Opp. 37); those withdrawn claims should be dismissed.

*Second*, because Plaintiffs assert fraud claims (or claims that sound in fraud), they must meet the heightened pleading standards of Rule 9(b)—which requires Plaintiffs to "state with particularity the circumstances constituting fraud"—not just the "plausibly pleaded" standard of *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555-56 (2007). *See United States ex rel. Ahumada* v. *NISH*, 756 F.3d 268, 280 (4th Cir. 2014) (distinguishing between the requirement in *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009), that a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" on the one hand, and the "more stringent 'particularity' requirement of Federal Rule of Civil Procedure 9(b)" on the other hand). Such requirement under Rule 9(b) provides "defendants notice of their alleged misconduct,

prevent[s] frivolous lawsuits, and eliminat[es] fraud actions in which all the facts are learned after discovery." *United States ex rel. Grant* v. *United Airlines Inc.*, 912 F.3d 190, 197 (4th Cir. 2018).

*Finally*, Plaintiffs' Odometer Act claims and breach of contract claims are legally deficient even on the facts pleaded in the Complaint. Although the Court "conclude[d] that Plaintiffs have plausibly pleaded each element of each count" (Order 1), claims based on plausible factual allegations must be dismissed where, as here, those facts fail to state a claim as a matter of law. As required for their Odometer Act claims, Plaintiffs do not allege that VWGoA made a misrepresentation as to cumulative mileage in connection with a transfer of a vehicle, nor that VWGoA had the intent to defraud as to mileage. And with respect to their breach of contract claims, Plaintiffs' allegations do not meet the legal requirements for third-party beneficiary status under Virginia law, because their allegations, at best, amount to nothing more than a claim of being incidental beneficiaries.

**ARGUMENT**

Under Federal Rule of Civil Procedure 54(b), "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. Inc.* v. *Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018). Under Rule 59(e), a court may alter or amend its judgment to "correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.* v. *Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In reviewing a motion for reconsideration, "[t]he analysis is essentially the same [under both Rule 54(b) and Rule 59(e)] because . . . the Court consider[s] . . . whether there was a clear error of law or a manifest injustice." *Hanson-Hodge* v. *Colvin*, 2016 WL 595293, at *8 (E.D. Va. Feb. 11, 2016) (O'Grady, J.).

I. **BECAUSE PLAINTIFFS WITHDREW THEIR BREACH OF IMPLIED WARRANTY CLAIMS UNDER ILLINOIS AND WASHINGTON LAW, THESE CLAIMS SHOULD BE DISMISSED.**

In its Motion, VWGoA argued that the breach of implied warranty claims brought under the laws of California, Florida, Illinois, and Washington should be dismissed because those states require Plaintiffs to show contractual privity with VWGoA to state a claim, which Plaintiffs have not done. (*See* Mot. 32.) In their Opposition, Plaintiffs did not contest that Illinois and Washington law require a showing of contractual privity and "agree[d] to withdraw those claims." (Opp. 37.) In light of Plaintiffs' concession, VWGoA respectfully requests that the Court reconsider its Order denying VWGoA's Motion as it relates to Plaintiffs' breach of implied warranty claims under Illinois and Washington law.

II. **THE COURT SHOULD HAVE APPLIED THE RULE 9(B) STANDARD TO PLAINTIFFS' FRAUD CLAIMS, WHICH WERE NOT PLEADED WITH THE REQUISITE PARTICULARITY.**

As VWGoA explained in its Motion (*see* Mot. 2, 3, 5, 12, 13, 18, 21 & 22), because Plaintiffs assert fraud claims or claims that sound in fraud, Plaintiffs must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "*at a minimum*, describ[ing] the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Murphy* v. *Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014). Thus, it is not enough for the Complaint to simply "state[] a plausible claim for relief" to avoid dismissal, *Iqbal*, 556 U.S. at 679; instead, "*[i]n addition to meeting the plausibility standard of Iqbal*, fraud claims . . . must be pleaded with particularity pursuant to Rule 9(b)." *United States ex rel. Nathan* v. *Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (emphasis added).

In its Order, the Court denied VWGoA's Motion on the ground that "Plaintiffs have plausibly pleaded each element of each count in their Amended Complaint." (Order 1.) VWGoA

respectfully requests that the Court reconsider its Order because Plaintiffs were required not only to plausibly plead the elements of their fraud-based claims, but also to meet the heightened Rule 9(b) requirement to plead the circumstances constituting the fraud "with particularity."

As shown in VWGoA's Motion (Mot. 18-22), the Complaint does not satisfy that standard with respect to (i) the alleged misstatements, or (ii) Plaintiffs' alleged reliance. Plaintiffs have failed to plead with any particularity that VWGoA made the alleged misrepresentations to Plaintiffs, and that Plaintiffs actually relied on those representations when purchasing their vehicles.

### III. BECAUSE PLAINTIFFS' ODOMETER ACT AND BREACH OF CONTRACT CLAIMS ARE DEFICIENT AS A MATTER OF LAW, THE COURT SHOULD HAVE DISMISSED THOSE CLAIMS.

Although the Court concluded that "Plaintiffs have plausibly pleaded each element" of their claims, the facts Plaintiffs pleaded in support of their Odometer Act and breach of contract claims—regardless of how plausible those allegations are—do not state a claim as a matter of law. *See Giarratano* v. *Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) ("[U]nder Federal Rule of Civil Procedure 12(b)(6), we . . . focus only on the legal sufficiency of the complaint."); *accord Milton* v. *IIT Research Inst.*, 138 F.3d 519, 521-23 (4th Cir. 1998) (affirming a dismissal under Rule 12(b)(6) when the "law did not recognize a . . . claim on these facts"); *Peregrine Dev. Int'l, Inc.* v. *Pac. Architects & Eng'rs Inc.*, 2009 WL 10693622, at *1 (E.D. Va. Sept. 22, 2009) (O'Grady, J.) (A plaintiff "fail[s] to state claims on which relief can be granted" when the plaintiff's allegations are "generally not recognized" under applicable law.). It is the nature of Plaintiffs' allegations, not the level of detail or plausibility of their factual pleading, that justifies dismissal of their Odometer Act and breach of contract claims.

### A. Plaintiffs' Odometer Act Claim Fails as a Matter of Law.

Even assuming Plaintiffs have plausibly pleaded the facts underlying their Odometer Act claim, those facts do not state a violation of the Odometer Act as a matter of law. The plain language of the Odometer Act and its implementing regulations require a seller to give the purchaser a statement of the vehicle's cumulative mileage when ownership is being transferred from the seller to the buyer. Thus, to state a claim under the Odometer Act, a plaintiff must plead a misrepresentation as to *cumulative mileage*, in connection *with a transfer of a vehicle*, and with *intent to defraud* with respect to *mileage*. (*See* Mot. 13-17.) Yet nowhere in the Complaint do Plaintiffs allege that VWGoA made a misrepresentation to them as to cumulative mileage in connection with a transfer of a vehicle, nor do they allege intent to defraud with respect to mileage.

Instead, Plaintiffs allege that the supposed misstatement of their vehicles' mileage occurred "at the time of the original title application" submitted to state authorities—*not* when the dealer transferred ownership of the vehicles to Plaintiffs. (Compl. ¶ 128.) Even assuming the truth of this allegation—and regardless of how plausibly it was pled—the Odometer Act does not provide a cause of action on these alleged facts. The misstatement must occur *at the time of transfer* to support a legal claim. *See* 49 C.F.R. § 580.5(a) ("Each title, at the time it is issued to the transferee, must contain the mileage disclosed by the transferor *when ownership of the vehicle was transferred*." (emphasis added)); *see also Tripp* v. *Charlie Falk's Auto Wholesale Inc.*, 290 F. App'x 622, 630 (4th Cir. 2008) (The Odometer Act's "disclosure provisions are not implicated until ownership of the vehicle is transferred.").

Nor do Plaintiffs allege that the required disclosure of the "cumulative mileage registered on the odometer" was inaccurate. *See* 49 U.S.C. § 32705(a)(1)(A). Nowhere in the Complaint do Plaintiffs claim that they were not provided with an accurate statement of the cumulative mileage of the vehicles they had purchased. Likewise, Plaintiffs do not allege that, as

-5-

required under the Odometer Act, VWGoA intended to defraud Plaintiffs with respect to the vehicles' mileage. *See Ioffe* v. *Skokie Motor Sales, Inc.*, 414 F.3d 708, 714 (7th Cir. 2005) (The Odometer Act's private right of action "extends only to cases where the transferor intended to defraud a transferee about the vehicle's mileage."); *Tripp* v. *Charlie Falk Auto*, 2001 WL 1105132, at *5 (E.D. Va. Aug. 22, 2001) ("The intent that is relevant is the intent to deceive the transferee about the accuracy of the mileage of the vehicle."). Without such allegations, the law does not recognize an Odometer Act claim, regardless of how plausible Plaintiffs' other allegations may be. Accordingly, the Court should grant the motion to dismiss as to Plaintiffs' Odometer Act claim.

### B. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law.

Under Virginia law, a third party claimant must be an intended beneficiary of a contract to recover—not simply an incidental beneficiary. *See Copenhaver* v. *Rogers*, 238 Va. 361, 367 (1989) (A plaintiff must show that the parties "'clearly and definitely intended' to confer a benefit" on the third party.). "[I]t is not enough [as here] that the third-party is 'only one member of a large class' of possible beneficiaries under the contract." *William* v. *AES Corp.*, 28 F. Supp. 3d 553, 569 (E.D. Va. 2014); *see also* Mot. 26-27.

Even assuming the truth of Plaintiffs' factual allegations, Virginia law does not permit a third-party claim on the facts pleaded relating to the contract between VWGoA and Carfax. Plaintiffs cite no provision of the contract even remotely showing that either Carfax or VWGoA intended to confer a benefit specifically on Plaintiffs, or that the parties entered into the contract for the specific and intended benefit of Plaintiffs. Thus, the Court should have granted the motion to dismiss as to Plaintiffs' breach of contract claim.

## CONCLUSION

For the foregoing reasons, VWGoA respectfully requests that the Court reconsider the Order and grant the Motion to Dismiss in part as requested herein.

Dated:  November 8, 2019

MCGUIREWOODS LLP

/s/ Frank Talbott V
Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  804-775-4773
Fax:  804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

Respectfully submitted,

SULLIVAN & CROMWELL LLP

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
1700 New York Ave, NW
Washington, D.C. 20006
Tel:  202-956-7500
Fax:  202-293-6330
littletonj@sullcrom.com

*Counsel for Volkswagen Group of America, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 8, 2019, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system which will send notification of electronic filing (NEF) to all counsel of record.

      /s/ *Frank Talbott V*
Frank Talbott V (VSB No. 86396)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-4773
Fax: (804) 698-2313
ftalbott@mcguirewoods.com

*Counsel for Volkswagen Group of America, Inc.*