**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| RICARDO R. GARCIA, DUANE K. GLOVER, PAUL E. JACOBSON, GAETANO CALISE, MYKHAYLO I. HOLOVATYUK, BRIAN GARCIA, PAUL THOMSON, and DAVID HARTMAN, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a/k/a AUDI OF AMERICA, INC., VOLKSWAGEN AKTIENGESELLSCHAFF, And AUDI AKTIENGESELLSCHAFF,<br><br>      Defendants. | CASE NO.: 1:19-cv-00331-LO-MSN |

**PLAINTIFFS RICARDO GARCIA ET AL.'s MEMORANDUM OF LAW**
**IN OPPOSITION TO MOTION FOR RECONSIDERATION**

Michael J. Melkersen
THE LAW OFFICES OF MICHAEL MELKERSEN, P.C.
9633 S. Congress Street
New Market, Virginia 22844
Telephone:   540.740.3937
Facsimile:   540.740.8851
Email:       mike@mlawpc.com

Nathan D. Finch
Joseph F. Rice (*Admitted Pro Hac Vice*)
Kevin R. Dean (*Admitted Pro Hac Vice*)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Telephone:   843.216.9000
Facsimile:   843.216.9440
Email:       nfinch@motleyrice.com
             jrice@motleyrice.com
             kdean@motleyrice.com

*Attorneys for the Plaintiffs and*
*Interim Class Counsel*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………………………………..iii

INTRODUCTION…………………………………………………………………….…………..1

ARGUMENT………………………………………………………………………….…………..1

    A.      Legal Standard…………………………………………………………………….1

    B.      Reconsideration is Warranted *Only* for the Illinois and Washington State Implied Warranty Claims.……………………………………………………………2

    C.      Reconsideration is Not Warranted for Plaintiffs' Fraud-Based Claims.…………..3

    D.      Reconsideration is Not Warranted for Plaintiffs' Odometer Act or Contract Claims.……………………………………………………………………..5

CONCLUSION……………………………………………………………………………………7

# TABLE OF AUTHORITIES

Page

**CASES**

*Aldridge v. Billips*, 656 F. Supp. 975 (W.D. Val. 1987)……………………………………………6

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2013)…………………………2

*Blount v. Greenbrier Pontiac Oldsmobile-GMC Trucks*, No. CIV A 3:08CV622,
  2009 WL 2431587 (E.D. Va. Aug. 7, 2009)………………………………………………6

*Carlson v. Boston Scientific Corp.*, 856, F.3d 320 (4th Cir. 2017) …………………………….1, 2

*Evans v. Trinity Indus., Inc.*, 148 F. Supp. 2d 542 (E.D. Va. 2015)………………………………2

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v.
  Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003)………………………………………..2

*United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975 (E.D. Va. 1997)………………………2

*U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268 (4th Cir. 2014)……………………………………..3

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370 (4th Cir. 2008)………………..3

*U.S. Tobacco Co-Op Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236
  (4th Cir. 2018)……………………………………………………………………………..2

**STATUTES AND REGULATIONS**

49 U.S.C. §§ 32701 *et seq.*……………………………………………………………..…………5

49 U.S.C. § 32705(a)(2) ………………………………………………………………………..6

49 C.F.R. § 580.5(a)……………………………………………………………………….5, 6

**COURT RULES**

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………………..3

Fed. R. Civ. P. 9(b)……………………………………………………………………………..1, 3

Fed. R. Civ. P. 54(b)……………………………………………………………………………1

Plaintiffs Ricardo R. Garcia, Duane K. Glover, Paul E. Jacobson, Gaetano Calise, Mykhaylo I. Holovatyuk, Brian Garcia, Paul Thomson, and David Hartman (collectively, "Plaintiffs"), respectfully submit this memorandum of law in opposition to Defendant Volkswagen Group of America, Inc.'s Motion for Reconsideration (Dkt. No. 53-54), and state in opposition as follows.

## INTRODUCTION

With the small exception of Plaintiff's implied warranty claims under Illinois and Washington state law, which Plaintiffs have withdrawn, Volkswagen presents no grounds for reconsideration of the Court's October 25, 2019 Order (Dkt. No. 49) denying its motion to dismiss. A motion for reconsideration is supposed to address new law or facts or else a clear error causing manifest injustice. It is not meant for re-argument of points previously raised, considered, and rejected. Yet this is precisely what Volkswagen does here, rehashing its prior and failed arguments that Plaintiffs allegedly do not satisfy Fed. R. Civ. P. 9(b)'s requirements for pleading fraud-based claims and fail to state actionable Odometer Act or breach of contract claims. Since these arguments raise no new law or facts and identify no clearly controlling legal authority requiring the Court to dismiss these claims, the motion for reconsideration should be denied in substantial part.

## ARGUMENT

### A.   Legal Standard

Although Fed. R. Civ. P. 54(b) permits a court to reconsider an interlocutory order prior to final judgment, the Fourth Circuit and other courts "have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Under law-of-the-case principles, a court may depart from its

prior interlocutory ruling only where there is: "(1) . . . substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (internal quotation marks and citation omitted)).

The Court's authority to reconsider its prior rulings is limited because "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *U.S. Tobacco Co-Op Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks and citation omitted)). Thus, "the court should not reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous claim." *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997).

Accordingly, "[a]bsent a significant change in the law or the facts since the original submission to the court, granting a motion for reconsideration is only appropriate where, for example, the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 2d 542, 544 (E.D. Va. 2015) (quoting *Smithfield Foods*, 969 F. Supp. at 977)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (internal quotation marks and citations omitted).

### B.     Reconsideration is Warranted *Only* for the Illinois and Washington State Implied Warranty Claims.

Under the foregoing applicable standards, reconsideration is warranted only with respect to Plaintiffs' breach of implied warranty claims under Illinois and Washington state law. *See* Amended Class Action Complaint ("Am. Compl.") (Dkt. No. 13), ¶¶ 305-311 (Illinois Count II);

¶¶ 385-391 (Washington Count II). For these two counts only, Plaintiffs agreed in their opposition to Volkswagen's motion to dismiss to withdraw the claims. *See* Plaintiffs' Opposition (Dkt. No. 47) at 37 ("As to Plaintiffs' claims for breach of implied warranty under Illinois law, Plaintiffs agree to withdraw those claims."). Thus, reconsideration and dismissal are warranted *only* with respect to these two claims.

### C. Reconsideration is Not Warranted for Plaintiffs' Fraud-Based Claims.

Volkswagen alleges that the Court erred by concluding that "Plaintiffs have plausibly pleaded each element of each count in their Amended Complaint," *see* Volkswagen Memo. of Law ("VW Memo.") at 3 (quoting 10/25/19 Order (Dkt. No. 49)), because this allegedly applies the wrong pleading standard of Fed. R. Civ. P. 8(a)(2), instead of the heightened standard of Fed. R. Civ. P. 9(b) for fraud-based claims. There is no error here, let alone any clear error that warrants reconsideration.

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires that a complaint "allege 'the who, what, when, where and how of the alleged fraud.'" *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). The Amended Class Action Complaint here does exactly this.

Plaintiffs describe Volkswagen's alleged odometer fraud with great particularity and detail. Plaintiffs allege that Volkswagen knew that its Pre-Production Cars differed in material ways from its Series-Production Cars that limited the value and the very sale-ability of the former, and so engaged in a scheme to "camouflage to consumers the [Pre-Production] vehicle's

3

use history as well as the value of that used vehicle." Am. Compl., ¶¶ 44, 58. Volkswagen carried out this fraudulent scheme as follows:

> [I]t falsified the mileage of its Pre-Production Cars, Press-Fleet Cars and Pool-Fleet Cars when applying for the original title and registration. Specifically, Volkswagen falsely claimed that only 10 miles had been driven on these cars as of the time of initial titling and registration, rather than being honest and disclosing that most of the miles driven on Volkswagen's Pre-Production Cars, Press-Fleet Cars and Pool-Fleet Cars occurred before the initial titling and registration. This dishonesty allowed Volkswagen to sell its Pre-Production Cars, Press-Fleet Cars and Pool-Fleet Cars much more quickly as 'used' (resulting in less regulatory scrutiny) by counting pre-titling mileage as if it had occurred after the initial title issued. This fraud also allowed Volkswagen [to charge] a higher resale price for these cars by keeping its customers in the dark about these vehicles' history of use.

*Id.*, ¶ 59.

If that weren't enough particularity to describe Volkswagen's fraudulent sales scheme, Plaintiffs provide more detail still as to their individual transactions. For Plaintiff Ricardo Garcia, Plaintiffs allege the "who, what, when, where and how" of this alleged fraud as follows:

> In Plaintiff R. Garcia's case, Volkswagen [*who*] applied for the initial title and registration for the Golf on December 16, 2015 [*when*], falsely claiming on its title application [*where*] that the Golf had been driven only 10 miles as of that date [*what*]. Volkswagen [*who*] repeated this lie [*what*] to R. Garcia in the Carfax Report [*where*] that Volkswagen provided to R. Garcia just prior to his purchase of the Golf [*when*]. Contrary to Volkswagen's representations, the Golf had been driven thousands of miles as of December 16, 2015. Volkswagen reported this false information to Carfax to make it appear on the Carfax Report that the Golf had been driven 9,430 miles during the one-month period of time from December 16, 2015 when Volkswagen first reported the Golf as having only 10 miles on the odometer until January 20, 2016 when Volkswagen transferred the Golf to one of its dealers and reported the odometer to read 9,430 miles in preparation to sell the Gold as a Certified Pre-Owned '1-Owner' vehicle [*how*].

*Id.*, ¶ 60. For Plaintiff Jacobson's claim, Plaintiffs allege that:

> [I]n Plaintiff Jacobson's case, Volkswagen [*who*] applied for the initial title and registration for the CC R-Line on October 21, 2015 [*when*] and falsely represented that the CC R-Line had been driven only 10 miles as of that date [*what*]. Volkswagen repeated this lie [*what*] to Jacobson in the Carfax Report [*where*] that Volkswagen provided to Jacobson just prior to his purchase of the

4

> CC R-Line [*when*]. Contrary to Volkswagen's representations, the CC R-Line had been driven thousands of miles as of October 21, 2015. Volkswagen repeated this false information to Carfax to make it appear on the Carfax Report that the CC R-Line had been driven 5,310 miles during the two-month period of time from October 21, 2015 when Volkswagen first reported the CC R-Line as having only 10 miles on the odometer until January 5, 2016 when Volkswagen transferred the CC R-Line to one of its dealers and reported the odometer to read 5,310 miles in preparation to sell the CC R-Line as a Certified Pre-Owned '1-Owner' vehicle [*how*].

*Id.*, ¶ 63.

In short, the Court committed no error in denying Volkswagen's motion to dismiss Plaintiffs' fraud-based claims because they are pleaded with the required specificity under Rule 9(b). Volkswagen's motion for reconsideration on these grounds thus should be denied.

### D. Reconsideration is Not Warranted for Plaintiffs' Odometer Act or Contract Claims.

Volkswagen does no more than nakedly (and incorrectly) assert legal error with respect to the Court's denial of dismissal of Plaintiffs' Odometer Act and breach of contract claims. This is not grounds for reconsideration as to either claim.

On the Odometer Act, 49 U.S.C. §§ 32701 *et seq.*, Volkswagen merely repeats its rejected arguments. First, it contends that Plaintiffs' claims fail because they do not allege that it misrepresented the cumulative mileage in connection with a transfer. *See* VW Memo. at 5 (citing 49 C.F.R. § 580.5(a)). This is incorrect. Plaintiff R. Garcia alleges that Volkswagen made this misrepresentation as to his vehicle when it applied for title on December 15, 2015, Am. Compl., ¶ 60. This application *was* made in connection with a transfer of title, from Volkswagen to Volkswagen Credit, Inc., which purchased the vehicle on December 16, 2015 in preparation for resale to consumers through Volkswagen dealerships. *See* Plaintiffs' Ex. 1 (Dkt. No. 47-1) (Application for Title discussed in Amended Complaint allegations). Moreover, the fact that this was not the transfer to Mr. Garcia himself, but a prior transfer of the same vehicle,

5

does not bar his Odometer Act claim. *See*, *e.g.*, *Blount v. Greenbrier Pontiac Oldsmobile-GMC Trucks*, No. CIV A 3:08CV622, 2009 WL 2431587, at *4 (E.D. Va. Aug. 7, 2009) ("[V]iolators of the Federal Odometer Act may be held liable to an eventual purchaser despite intervening violators . . . ."); *Aldridge v. Billips*, 656 F. Supp. 975, 979 (W.D. Va. 1987) ("[L]iability is imposed upon each person in the chain [of title], and the principal buyer may hold liable anyone in the chain of title who has violated the Act.").

Second, Volkswagen contends that the Odometer Act only requires a seller to give the purchaser an accurate statement of the vehicle's cumulative mileage at the time ownership is transferred, while prohibiting no other simultaneous misrepresentation of material fact. *See* VW Memo. at 5. This repeated argument, too, is not grounds for reconsideration and is wrong in any event. The Act provides that a person transferring ownership may not *either* "violate a regulation prescribed under this section *or* give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2) (emphasis added). Volkswagen violated this provision when disclosing the mileage at the time of transfer as required by regulation, *see* 49 C.F.R. § 580.5(a), by simultaneously giving false statements to consumer-purchasers about the timing and manner by which those miles were accumulated. This is a violation of the Act, and no case Volkswagen cites here or in its original motion to dismiss holds it is not. Reconsideration thus is not warranted for this claim.

Nor is it for Plaintiffs' breach of contract claim. Volkswagen urges reconsideration on the grounds that Plaintiffs allegedly fail to identify any provision of the Volkswagen-Carfax contract that is intended to confer a benefit on Plaintiffs-consumers. *See* VW Memo. at 6. This is incorrect. Plaintiffs allege that the contract's provisions requiring Volkswagen to:

- direct its dealers to "run a CARFAX Report on every Certified Pre-Owned Vehicle[,]" Am. Compl., ¶ 146(a);

6

- "direct that a CARFAX Report and CARFAX Buyback Guarantee Certificate be made available" to purchasers by participating dealers, *id.*, ¶ 146(b); and

- disqualify any vehicle from its Certified Pre-Owned Programs if the CARFAX Report reveals that it is "Not Built to US Standards[,]" *id.*, ¶ 146(c);

all are intended for the benefit of purchasers and prospective purchasers, which includes Plaintiffs and putative Class members here. *Id.*, ¶ 150. Here again, Volkswagen cites no controlling or other authority under which it was clearly erroneous for this Court to hold that these allegations support a breach of contract claim. Reconsideration thus is not warranted.

## CONCLUSION

For all of the reasons set forth, Volkswagen's motion for reconsideration should be denied except with respect to Plaintiffs' withdrawn breach of implied warranty claims under Illinois and Washington state law.

<u>Dated</u>: November 22, 2019            Respectfully submitted,

/s/ *Michael J. Melkersen*
Michael J. Melkersen, Esq.
THE LAW OFFICES OF MICHAEL MELKERSEN, P.C.
9633 S. Congress Street
New Market, Virginia 22844
Telephone:540.740.3937 || Facsimile:540.740.8851
Email:       mike@mlawpc.com

Nathan D. Finch, Esq.
Joseph F. Rice, Esq. (*Admitted Pro Hac Vice*)
Kevin R. Dean, Esq. (*Admitted Pro Hac Vice*)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Telephone: 843.216.9000 || Facsimile:843.216.9440
Email:       nfinch@motleyrice.com
             jrice@motleyrice.com
             kdean@motleyrice.com

*Attorneys for Plaintiffs and
Interim Class Counsel*

## **CERTIFICATE OF SERVICE**

I, Michael J. Melkersen, hereby certify that on this date I served a true and correct copy of the foregoing Memorandum of Law in Opposition to Motion for Reconsideration upon counsel of record for Defendants by filing via the Court's Electronic Case Filing (ECF) system.

Dated: November 22, 2019

/s/ *Michael J. Melkersen*
Michael J. Melkersen
