IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RICARDO R. GARCIA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19cv331-LO-MSN |
| | ) | |
| VOLKSWAGEN GROUP OF AMERICA, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS LIMITED MOTION FOR RECONSIDERATION**

MCGUIREWOODS LLP

Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Tel:  804-775-4773
Fax:  804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

SULLIVAN & CROMWELL LLP

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
125 Broad Street
New York, NY  10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
1700 New York Avenue, NW
Washington, DC  20006
Tel:  202-956-7500
Fax:  202-293-6330
littletonj@sullcrom.com

*Counsel for Volkswagen Group of America, Inc.*

# TABLE OF CONTENTS

*Page*

**INTRODUCTION**..................................................................................................................................1

**ARGUMENT**......................................................................................................................................1

I.      THE RULE 9(b) STANDARD APPLIES TO PLAINTIFFS' FRAUD-BASED
CLAIMS. ......................................................................................................................2

II.     PLAINTIFFS' ODOMETER ACT AND BREACH OF CONTRACT CLAIMS ARE
LEGALLY DEFICIENT. ..............................................................................................3

**CONCLUSION** ....................................................................................................................................5

Defendant Volkswagen Group of America, Inc. ("VWGoA") respectfully submits this reply memorandum of law in further support of its motion pursuant to Federal Rules of Civil Procedure 54(b) and 59(e) for limited reconsideration of the Court's denial of VWGoA's motion to dismiss the amended putative class action complaint.

## INTRODUCTION

Plaintiffs' Opposition confirms that limited reconsideration of the Court's October 25, 2019 order (Doc. 49, the "Order") is warranted. Plaintiffs concede that their Illinois and Washington state law breach of warranty claims should be dismissed, and do not dispute that the Court should have applied the Rule 9(b) standard to their fraud-based claims. Likewise, Plaintiffs cannot salvage their facially deficient Odometer Act and breach of contract claims—claims that the Court's Order did not specifically address. The Court should grant reconsideration and dismiss these claims.

## ARGUMENT

Plaintiffs do not dispute that reconsideration is warranted to correct a "clear error" or "manifest injustice." But they claim that VWGoA is simply "reargu[ing]" a motion it has already lost. (Opp. to Recons. at 2.) Not so. Instead, VWGoA raises two clear errors of law in the Court's Order: (i) Rule 9(b) applies to Plaintiffs' fraud-based claims and (ii) Plaintiffs' Odometer Act and breach of contract allegations fail to state a claim as a matter of law irrespective of the plausibility of the allegations of the Complaint. The Court should grant reconsideration to fully consider these arguments. *See M.S.* v. *Fairfax Cty. Sch. Bd.*, 2006 WL 1390557, at *5 (E.D. Va. May 17, 2006) (granting a motion for reconsideration in part when "the Court did not give full consideration" to a party's arguments).

## I.    THE RULE 9(b) STANDARD APPLIES TO PLAINTIFFS' FRAUD-BASED CLAIMS.

Plaintiffs do not dispute that the Court should have applied the heightened pleading standard of Rule 9(b) to Plaintiffs' fraud-based claims.[1] *See United States ex rel. Nathan* v. *Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) ("In addition to meeting the plausibility standard of *Iqbal*, fraud claims . . . must be pleaded with particularity pursuant to Rule 9(b)."). Instead, Plaintiffs argue that their claims were in fact pleaded with the requisite particularity. But as shown in VWGoA's motion to dismiss (Doc. 37 at 18-22), the Complaint does not satisfy that standard with respect to (i) the alleged misstatements or (ii) Plaintiffs' alleged reliance. Plaintiffs have failed to plead with any particularity that VWGoA made any alleged misrepresentations to Plaintiffs, or that Plaintiffs actually relied on such representations when purchasing their vehicles.

Plaintiffs attempt to buttress their deficient allegations by asserting that their Complaint provides the "who, what, when, where, and how" of their fraud claims, but in doing so they highlight the inadequacy of their allegations. For example, although Plaintiffs claim they have identified the "who" by naming "Volkswagen" as the entity that made the purported misrepresentations in title applications, Plaintiffs do not allege which defendant—VWGoA, VW Germany, or Audi Germany—made such statement. (*See* Opp. to Recons. at 4.)  Requiring VWGoA to defend claims based on these vague allegations would violate one of the main "purposes of Rule 9(b), namely, of providing notice to a defendant of its alleged misconduct." *Takeda Pharm.*, 707 F.3d at 456.

Likewise, Plaintiffs argue that "Volkswagen" knew "that its Pre-Production Cars differed in material ways from its Series-Production Cars that limited the value and the very sale-

---

[1] As explained in VWGoA's motion to dismiss, Rule 9(b) also applies to Plaintiffs' Odometer Act claim. (*See* Doc. 37 at 13.)

ability of the former," and that "Volkswagen" made the alleged misrepresentations to "camouflage" this difference.  (Opp. to Recons. at 3.)  But Plaintiffs at best speculate that these vehicles may have hypothetical differences.  By failing to allege specific facts about such differences, Plaintiffs' speculation falls far short of their burden to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).

Finally, as explained in VWGoA's motion to dismiss (*see* Doc. 37 at 22), Plaintiffs must also plead reliance with particularity, which they have not done—a fatal flaw that they do not even bother to address in their Opposition.

## II.     PLAINTIFFS' ODOMETER ACT AND BREACH OF CONTRACT CLAIMS ARE LEGALLY DEFICIENT.

Even if the Court concluded that Plaintiffs' factual allegations are "plausible," such plausibility does not bear on the issue of whether those allegations are sufficient to state a claim as a matter of law.  *See, e.g.*, *Milton* v. *IIT Research Inst.*, 138 F.3d 519, 521-23 (4th Cir. 1998); *Peregrine Dev. Int'l Inc.* v. *Pac. Architects & Eng'rs Inc.*, 2009 WL 10693622, at *1 (E.D. Va. Sept. 22, 2009) (O'Grady, J.).  In other words, because Plaintiffs fail to plead the requisite elements of their Odometer Act and breach of contract claims, they fail to state a claim—irrespective of the plausibility of their allegations.  For example, even assuming that Plaintiffs plausibly pleaded that "Volkswagen" (Plaintiffs do not say which entity) transferred the title of the vehicles to non-party VW Credit Inc. (Opp. to Recons. at 5), the Odometer Act's implementing regulations expressly state that a "transferor of a new vehicle prior to its first transfer for purposes other than resale need not disclose the vehicle's odometer mileage."  49 C.F.R. § 580.17(b).  As a matter of law, the transfer of title between Volkswagen entities does not constitute a transfer under the Odometer Act, and thus cannot support Plaintiffs' claim.

Similarly, Plaintiffs argue that "Volkswagen" violated the Odometer Act by making false statements about the vehicle's ownership history. (Opp. to Recons. at 6.) But even assuming that Plaintiffs plausibly pleaded that "Volkswagen" made false statements in the Carfax reports provided to Plaintiffs (which it did not), statements about ownership history are not actionable under the Odometer Act. As the statutory language makes clear, the Act does not require disclosure of a vehicle's mileage history—it requires disclosure only of cumulative mileage, *i.e.*, "the actual mileage traveled by a vehicle" at the time of sale. *Ryan* v. *Edwards*, 592 F.2d 756, 762 (4th Cir. 1979); *see Compton* v. *Altavista Motors, Inc.*, 121 F. Supp. 2d 932, 941 (W.D. Va. 2000) (granting summary judgment to defendant where, inter alia, plaintiff "does not assert that the mileage disclosed by [defendant] was inaccurate"); 49 C.F.R. § 580.5(a) ("Each title, at the time it is issued to the transferee, must contain the mileage disclosed by the transferor *when ownership of the vehicle was transferred*." (emphasis added)).

Plaintiffs' final Odometer Act argument—that "Volkswagen" violated regulations prescribed under the Odometer Act (Opp. to Recons. at 6 (citing 49 U.S.C. § 32705(a)(2)))—is also plainly wrong. The regulation Plaintiffs argue that "Volkswagen violated" only requires that each title "at the time it is issued to the transferee . . . contain the mileage disclosed by the transferor when ownership of the vehicle was transferred," 49 C.F.R. § 580.5(a)—nothing in the statute or regulation supports Plaintiffs' claim.

Nor do Plaintiffs address the legal deficiency of their third-party-beneficiary breach of contract claim—instead, merely parroting a few provisions of the VWGoA-Carfax contract. (Opp. to Recons. 6-7.) None of this can overcome well-established Virginia law that a third-party who "is 'only one member of a large class' of possible beneficiaries under the contract" cannot maintain a breach of contract claim as a third-party beneficiary. *William* v. *AES Corp.*, 28 F. Supp.

-4-

3d 553, 569 (E.D. Va. 2014) (citing *Kelly Health Care, Inc.* v. *Prudential Ins. Co. of Am.*, 309

S.E.2d 305, 307 (Va. 1983)).  Regardless of how "plausibly pleaded" Plaintiffs' allegations of

breach are, they do not state a third-party beneficiary claim as a matter of Virginia law.

## CONCLUSION

For the foregoing reasons, VWGoA respectfully requests that the Court reconsider

its Order and grant the Motion to Dismiss in part as to Plaintiff's fraud, Odometer Act, breach of

contract and Illinois and Washington state law breach of warranty claims.


Dated:  December 3, 2019

MCGUIREWOODS LLP

/s/  *Frank Talbott V*
Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Tel:  804-775-4773
Fax:  804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

Respectfully submitted,

SULLIVAN & CROMWELL LLP

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
125 Broad Street
New York, NY  10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
1700 New York Avenue, NW
Washington, DC  20006
Tel:  202-956-7500
Fax:  202-293-6330
littletonj@sullcrom.com

*Counsel for Volkswagen Group of America, Inc.*

-6-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 3, 2019 I electronically filed the foregoing with the Clerk

of Court using the Court's CM/ECF filing system which will send notification of electronic filing

(NEF) to all counsel of record.


<u>/s/ Frank Talbott V</u>
Frank Talbott V (VSB No. 86396)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Telephone:  804-775-4773
Fax:  804-698-2313
ftalbott@mcguirewoods.com

*Counsel for Volkswagen Group of America, Inc.*