IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RICARDO R. GARCIA, *et al.*,          )
                                       )
      Plaintiffs,               )
                                       )
v.                                     )          Civil Action No. 1:19cv331-LO-MSN
                                       )
VOLKSWAGEN GROUP OF AMERICA,  )
INC., *et al.*,                        )
                                       )
      Defendants.               )
                                       )


**VOLKSWAGEN GROUP OF AMERICA, INC.'S
ANSWER TO THE AMENDED COMPLAINT**

      Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its

undersigned counsel, hereby answers plaintiffs' amended complaint dated May 31, 2019 (the

"Complaint") as follows.[1]

      VWGoA provides this Answer based on a reasonable inquiry and its knowledge to

date. Investigations into the matters that are the subject of the Complaint are ongoing.

Accordingly, VWGoA reserves the right to amend, supplement, revise, clarify or correct the

responses set forth below after those investigations have concluded.

      VWGoA denies that the table of contents, headings, and sub-headings of the

Complaint constitute allegations requiring a response. To the extent that any response is required

to the table of contents, headings, and sub-headings of the Complaint, VWGoA denies any

---

[1] VWGoA is not answering or responding on behalf of defendants Volkswagen Aktiengesellschaft ("VW Germany") and Audi Aktiengesellschaft ("Audi Germany").

allegations purportedly set forth therein.  VWGoA further denies each and every other allegation or purported allegation of the Complaint except as specifically addressed and admitted herein.

VWGoA further denies that plaintiffs are entitled to the relief sought in the Complaint, or to any other relief from VWGoA.

In response to the first unnumbered paragraph of the Complaint, VWGoA admits that plaintiffs Ricardo R. Garcia, Duane K. Glover, Paul E. Jacobson, Gaetano Calise, Mykhaylo I. Holovatyuk, Brian Garcia, Paul Thomson and David Hartman (collectively, "Plaintiffs") purport to bring this action on behalf of themselves and a putative class, but denies that the allegations have merit and denies that this action may be maintained as a class action.

1.      In response to paragraph 1, VWGoA denies the allegations of paragraph 1.

2.      In response to paragraph 2, VWGoA admits that in the period from June 1, 2011 to the date of the Complaint it sold to dealers in the United States certain Volkswagen-brand vehicles manufactured before the start of production date for such vehicles, and that certain of those vehicles may have been designated as "certified pre-owned" or "CPO" vehicles by third-party dealers or by third-party VW Credit, Inc. when sold to consumers; and otherwise denies the allegations of paragraph 2.

3.      In response to paragraph 3, VWGoA admits that in the period from June 1, 2011 to the date of the Complaint it sold to dealers in the United States certain Volkswagen-brand and Audi-brand vehicles that had previously been put to various internal uses, including as corporate fleet or press vehicles, and that certain of those vehicles may have been designated as "certified pre-owned" or "CPO" vehicles when sold to consumers; and otherwise denies the allegations of paragraph 3.

4.      In response to paragraph 4, VWGoA admits that in the period from June 1, 2011 to the date of the Complaint it sold to dealers in the United States certain Volkswagen-brand and Audi-brand vehicles that had previously been put to various internal uses, including as corporate fleet or press vehicles, and that certain of those vehicles may have been designated as "certified pre-owned" or "CPO" vehicles when sold to consumers; and otherwise denies the allegations of paragraph 4.

5.      In response to paragraph 5, VWGoA denies the allegations of paragraph 5.

6.      In response to paragraph 6, VWGoA states that the first four sentences of paragraph 6 consist of explanatory statements and characterizations by Plaintiffs to which no response is required; to the extent a response is required, VWGoA denies.   In response to the remaining allegations of paragraph 6, VWGoA admits that third-party dealers sold some of the Plaintiffs' vehicles as CPO and provided Carfax reports, and otherwise denies the allegations of paragraph 6.

7.      In response to paragraph 7, VWGoA denies the allegations of paragraph 7.

8.      In response to paragraph 8, VWGoA states that paragraph 8 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.   To the extent that any response is required, VWGoA denies the allegations of paragraph 8.

9.      In response to the first sentence of paragraph 9, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff R. Garcia is a resident of the State of Washington; denies that Auburn Volkswagen is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 9.  In response to the second sentence of paragraph 9, VWGoA admits that the vehicle was used internally by VWGoA for media and press purposes, and otherwise denies.  In response to the third sentence of paragraph 9, VWGoA states that it is without knowledge or information sufficient to

form a belief as to the truth of the allegations, and therefore denies.  In response to the remainder of paragraph 9, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 9.

10.     In response to the first sentence of paragraph 10, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff Glover is a resident of the State of New Jersey; denies that the VIN number of Plaintiff Glover's vehicle is accurate; denies that Princeton Audi is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 10.  In response to the second sentence of paragraph 10, VWGoA denies.  In response to the third sentence of paragraph 10, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies.  In response to the remainder of paragraph 10, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 10.

11.     In response to the first sentence of paragraph 11, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that Plaintiff Jacobson is a resident of the State of Colorado and that he purchased the vehicle from Dublin Volkswagen; denies that Dublin Volkswagen is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 11.  In response to the second sentence of paragraph 11, VWGoA admits that the vehicle was used internally by VWGoA for media purposes, and otherwise denies.  In response to the third sentence of paragraph 11, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies.  In response to the remainder of paragraph 11, VWGoA denies,

except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 11.

12.    In response to the first sentence of paragraph 12, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations.  In response to the second sentence of paragraph 12, VWGoA denies.  In response to the third sentence of paragraph 12, VWGoA admits that the vehicle was used internally by VWGoA for media and press purposes, and otherwise denies.  In response to the fourth sentence of paragraph 12, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations.  In response to the remainder of paragraph 12, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 12.

13.    In response to the first sentence of paragraph 13, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff Holovatyuk is a resident of the state of Florida; denies that Volkswagen of Orange Park is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 13.  In response to the remainder of paragraph 13, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 13.

14.    In response to the first sentence of paragraph 14, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff B. Garcia is a resident of the State of Florida; denies that Gunther Motor Company is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 14.  In response to the remaining allegations of paragraph 14, VWGoA denies, except states that

it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 14.

15.     In response to the first sentence of paragraph 15, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff Thomson is a resident of the State of California; denies that the purchase date is accurate; denies that Pasadena Volkswagen is an agent of VWGoA; and otherwise admits, on information and belief, the first sentence of paragraph 15.  In response to the remainder of paragraph 15, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 15.

16.     In response to the first sentence of paragraph 16, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Plaintiff Hartman is a resident of the State of California; denies that Netfin Volkswagen is an agent of VWGoA; denies that the vehicle was sold as CPO; and otherwise admits, on information and belief, the first sentence of paragraph 16.  In response to the remainder of paragraph 16, VWGoA denies, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 16.

17.     In response to paragraph 17, VWGoA admits the allegations of paragraph 17.

18.     In response to paragraph 18, VWGoA admits the allegations of the first, second, and third sentences of paragraph 18.  The fourth sentence of paragraph 18 contains a legal conclusion to which no response is required.  To the extent that any response is required to the fourth sentence of paragraph 18, VWGoA refers to the Hague Convention for a complete and accurate statement of its contents, and otherwise denies the allegations.

19.     In response to paragraph 19, VWGoA admits the allegations of the first, second, and third sentences of paragraph 19.   The fourth sentence of paragraph 19 contains a legal conclusion to which no response is required.   To the extent that any response is required to the fourth sentence of paragraph 19, VWGoA refers to the Hague Convention for a complete and accurate statement of its contents, and otherwise denies the allegations.

20.     In response to paragraph 20, VWGoA denies the factual allegations, and states that the remainder of paragraph 20 consists of legal conclusions to which no response is required.   To the extent that any response is required, VWGoA denies.

21.     In response to paragraph 21, VWGoA states that paragraph 21 contains legal conclusions to which no response is required; to the extent that any response is required, VWGoA denies the allegations of paragraph 21.

22.     In response to paragraph 22, VWGoA denies the allegations of paragraph 22.

23.     In response to paragraph 23, VWGoA admits that VW Credit, Inc. provides financial products and services to third-party dealers and their customers in the United States; states that the third sentence of paragraph 23 consists of explanatory statements, characterizations and legal conclusions to which no response is required; and otherwise denies the allegations of paragraph 23.

24.     In response to paragraph 24, VWGoA states that paragraph 24 consists of legal conclusions to which no response is required.   To the extent that any response is required, VWGoA denies the allegations of paragraph 24, except admits that this Court has subject-matter jurisdiction over this action.

25.     In response to paragraph 25, VWGoA states that paragraph 25 consists of legal conclusions to which no response is required.   To the extent that any response is required, VWGoA

admits that its principal place of business is in Fairfax County, Virginia; admits that it has registered to do business with the Virginia State Corporation Commission; and denies the remaining allegations of paragraph 25.

26.     In response to paragraph 26, VWGoA states that paragraph 26 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 26, except admits that certain Volkswagen-brand vehicles were manufactured by VW Germany and subsequently shipped to the United States.

27.     In response to paragraph 27, VWGoA denies the allegations of paragraph 27, except admits that Volkswagen-brand vehicles were manufactured in Germany, Mexico or Chattanooga, and that VWGoA marketed certain Volkswagen-brand vehicles in the United States.

28.     In response to paragraph 28, VWGoA admits that it filed a Part 573 Safety Recall Report with NHTSA, and refers to that Report for a complete and accurate statement of its contents.  VWGoA otherwise denies the allegations of paragraph 28.

29.     In response to paragraph 29, VWGoA denies the factual allegations, and states that the remainder of paragraph 29 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies.

30.     In response to paragraph 30, VWGoA states that paragraph 30 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 30, except admits that certain Audi-brand vehicles sold in the United States were manufactured by Audi AG in Germany and subsequently shipped to the United States.

31.     In response to paragraph 31, VWGoA states that the first sentence of paragraph 31 consists of legal conclusions to which no response is required.  To the extent that any response is

required, VWGoA denies the allegations of the first sentence of paragraph 31. VWGoA otherwise denies the allegations of paragraph 31.

32.     In response to paragraph 32, VWGoA denies the factual allegations, and states that the remainder of paragraph 32 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

33.     In response to paragraph 33, VWGoA states that the first sentence of paragraph 33 consists of a legal conclusion to which no response is required. To the extent that any response is required, VWGoA denies the allegations of the first sentence of paragraph 33, except admits that venue is proper in this District. VWGoA denies the remaining allegations of paragraph 33, except admits that it is headquartered in Herndon, Virginia.

34.     In response to paragraph 34, VWGoA states that paragraph 34 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA refers to the cited statutes and regulations for a complete and accurate statement of their contents.

35.     In response to paragraph 35, VWGoA states that paragraph 35 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA refers to the cited regulations for a complete and accurate statement of their contents.

36.     In response to paragraph 36, VWGoA states that paragraph 36 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA refers to the cited regulations for a complete and accurate statement of their contents.

37.     In response to paragraph 37, VWGoA admits that certain Volkswagen-brand vehicles were produced in a manufacturing facility located in Chattanooga, Tennessee. VWGoA states that the remainder of paragraph 37 consists of legal conclusions to which no response is

required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 37.

38.     In response to paragraph 38, VWGoA states that paragraph 38 consists of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required, VWGoA admits that the automobile product development process includes building early models for evaluation in multiple stages, which can include concept cars, prototypes, and later vehicles manufactured close to the "start of production" ("SOP"); admits that such early models may be referred to as "pre-series" or "pre-production" vehicles; and otherwise denies the allegations of paragraph 38.

39.     In response to paragraph 39, VWGoA states that paragraph 39 consists of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required, VWGoA admits that vehicles built during the development stages prior to SOP may be referred to as "pre-series" or "pre-production" vehicles; admits that some vehicles produced immediately before the start of series production were referred to as "zero-series" vehicles; and otherwise denies the allegations of paragraph 39.

40.     In response to paragraph 40, VWGoA states that paragraph 40 consists of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required, VWGoA admits that pre-production cars may be very similar or the same as series vehicles, and otherwise denies the allegations of paragraph 40.

41.     In response to paragraph 41, VWGoA denies the allegations of paragraph 41, except admits that "pre-series" or "pre-production" vehicles were sometimes utilized by VWGoA for marketing activities before SOP.

42.     In response to paragraph 42, VWGoA denies the allegations of paragraph 42.

43.      In response to paragraph 43, VWGoA denies the allegations of paragraph 43.

44.      In response to paragraph 44, VWGoA denies the allegations of paragraph 44.

45.      In response to paragraph 45, VWGoA admits that it generally markets vehicles; admits that such marketing activities may occur prior to SOP; and otherwise denies the allegations of paragraph 45.

46.      In response to paragraph 46, VWGoA admits that it participates in car shows to market certain vehicles sold in the United States; admits that VWGoA sometimes utilized vehicles built before SOP at car shows; and otherwise denies the allegations of paragraph 46.

47.      In response to paragraph 47, VWGoA admits that it or a contractor prepared vehicles for display at car shows, and otherwise denies the allegations of paragraph 47.

48.      In response to paragraph 48, VWGoA admits that it has temporarily loaned certain vehicles to members of the automotive media to drive and evaluate, and otherwise denies the allegations of paragraph 48.

49.      In response to paragraph 49, VWGoA refers to the Digital Trends article referenced in paragraph 49 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 49.

50.      In response to paragraph 50, VWGoA states that the first three sentences consist of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required to the first three sentences of paragraph 50, VWGoA denies.  In response to the fourth and fifth sentences of paragraph 50, VWGoA denies.

51.      In response to paragraph 51, VWGoA admits that it has loaned certain vehicles to members of the automotive media for limited periods of time, and otherwise denies the allegations of paragraph 51.

52.     In response to paragraph 52, VWGoA states that after VWGoA completed its internal use of vehicles, including vehicles loaned to members of the automotive media, it may have sold those vehicles through auction to third-party dealers, who then in turn offered them for sale to the public, and otherwise denies the allegations of paragraph 52.

53.     In response to paragraph 53, VWGoA admits that it maintained certain vehicles for temporary use by, or more extended lease or assignment to, company personnel; admits that certain of those vehicles may have included "pre-production" or "pre-series" vehicles; and otherwise denies the allegations of paragraph 53.

54.     In response to paragraph 54, VWGoA admits that it has utilized manufacturer-issued license plates on vehicles it uses for its own internal purposes, including vehicles used by company personnel and vehicles used by members of the automotive press, and otherwise denies the allegations of paragraph 54.

55.     In response to paragraph 55, VWGoA denies the allegations of paragraph 55.

56.     In response to paragraph 56, VWGoA denies the allegations of paragraph 56.

57.     In response to paragraph 57, VWGoA states that the first sentence consists of legal conclusions to which no response is required.  VWGoA states that the second and third sentences of paragraph 57 consist of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required to the second and third sentences of paragraph 57, VWGoA denies.

58.     In response to paragraph 58, VWGoA denies the allegations of paragraph 58.

59.     In response to paragraph 59, VWGoA denies the allegations of paragraph 59.

60.     In response to paragraph 60, VWGoA denies the allegations of paragraph 60.

61.     In response to paragraph 61, VWGoA states that the first, second and third sentences of paragraph 61 consist of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent that any response is required, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies.  In response to the fourth sentence of paragraph 61, VWGoA refers to the initial title and registration application and service records for the Volkswagen Golf vehicle with VIN # WVWLF7AU2FW135993 for a complete and accurate statement of those documents' contents, and otherwise denies.

62.     In response to the first sentence of paragraph 62, VWGoA denies, except refers to the Carfax report for a complete and accurate statement of its contents.  In response to the second sentence of paragraph 62, VWGoA admits that Plaintiff R. Garcia's vehicle was loaned by VWGoA to members of the automotive media before being sold to a third-party dealer, and otherwise denies.  In response to the third sentence of paragraph 62, VWGoA denies.

63.     In response to paragraph 63, VWGoA denies the allegations of paragraph 63.

64.     In response to paragraph 64, VWGoA refers to the service records for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 64, except states that it is without knowledge or information sufficient to form a belief as to the truth of the belief or knowledge of Plaintiffs or their counsel, and therefore denies.

65.     In response to the first sentence of paragraph 65, VWGoA refers to the Carfax report for a complete and accurate statement of its contents, and otherwise denies.  In response to the second sentence of paragraph 65, VWGoA admits that Plaintiff R. Garcia's vehicle was loaned by VWGoA to members of the automotive media before being sold to a third-party dealer, and otherwise denies.  In response to the third sentence of paragraph 65, VWGoA denies.

66.     In response to paragraph 66, VWGoA denies the allegations of paragraph 66.

67.     In response to paragraph 67, VWGoA admits that residual value can be defined as the estimated value of an asset at the end of a fixed term or period of usage, and otherwise denies the allegations of paragraph 67.

68.     In response to paragraph 68, VWGoA admits that certain third-party dealers have sold Volkswagen-brand and Audi-brand vehicles as CPO, and otherwise denies the allegations of paragraph 68.

69.     In response to paragraph 69, VWGoA states that the first sentence of paragraph 69 consists of explanatory statements and characterizations by Plaintiffs to which no response is required.  To the extent any response is required, VWGoA admits that vehicles sold as "certified pre-owned" have been "certified" as meeting specified criteria.  In response to the remaining allegations of paragraph 69, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that warranties can be extended to the consumer in conjunction with a CPO vehicle; and otherwise denies the allegations of paragraph 69.

70.     In response to paragraph 70, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that CPO vehicles generally sell for a higher price than non-CPO vehicles; and otherwise denies the allegations of paragraph 70.

71.     In response to paragraph 71, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; and otherwise denies the allegations of paragraph 71.

72.     In response to paragraph 72, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that a vehicle's status as CPO may affect how fast the vehicle is sold; and otherwise denies the allegations of paragraph 72.

73.     In response to paragraph 73, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that VWGoA and third-party dealers with which it did business offered warranties for CPO vehicles under some circumstances; and otherwise denies the allegations of paragraph 73.

74.     In response to paragraph 74, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that VW Credit, Inc. provided financial services to consumers in connection with the sale of vehicles; and otherwise denies the allegations of paragraph 74.

75.     In response to paragraph 75, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers, and otherwise denies the allegations of paragraph 75.

76.     In response to paragraph 76, VWGoA denies the allegations of paragraph 76.

77.     In response to paragraph 77, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that it has included information regarding CPO vehicles in certain marketing materials; and otherwise denies the allegations of paragraph 77.

78.     In response to paragraph 78, VWGoA denies the allegations of paragraph 78, except admits that it entered into a contract with Carfax, effective June 1, 2011, but which is no longer in effect, and refers to that contract for a complete and accurate statement of its contents.

79.     In response to paragraph 79, VWGoA refers to each Carfax report for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 79 as they relate to VWGoA, and states in response to the allegations as they relate to Carfax that VWGoA is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies.

80.     In response to paragraph 80, VWGoA denies the allegations of paragraph 80, except refers to the alleged "Audi CPO training materials" for a complete and accurate statement of their contents.

81.     In response to paragraph 81, VWGoA denies the allegations of paragraph 81, except admits that VWGoA has had a business relationship with R.L. Polk & Company.

82.     In response to paragraph 82, VWGoA refers to the referenced Carfax reports for a complete and accurate statement of their contents and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, which relate to the conduct of third parties, and therefore denies.

83.     In response to paragraph 83, VWGoA refers to the Carfax reports for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 83.

84.     In response to paragraph 84, VWGoA refers to the website page cited in paragraph 84 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 84.

85.     In response to paragraph 85, VWGoA refers to each Carfax report for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 85.

86.     In response to paragraph 86, VWGoA refers to each Carfax report for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 86.

87.     In response to paragraph 87, VWGoA refers to each Carfax report for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 87.

88.     In response to paragraph 88, VWGoA admits that in 2011 it sold 72,969 Volkswagen-brand CPO vehicles and 37,259 Audi-brand CPO vehicles; admits that the 2011 sales represent an approximately 32% increase over 2010 levels; admits that in 2014 it sold 139,543 CPO vehicles; admits that in 2015 it sold 137,199 CPO vehicles; admits that in 2016 it sold 117,288 CPO vehicles; and otherwise denies the allegations of paragraph 88.

89.     In response to paragraph 89, VWGoA denies the allegations of paragraph 89.

90.     In response to paragraph 90, VWGoA admits that third-party dealers designated certain Volkswagen-brand and Audi-brand vehicles as CPO based on standards set by VWGoA, and sold those vehicles to consumers; admits that lease maturities were sometimes sold as CPO vehicles; admits that the number of lease maturities and other potentially CPO-eligible vehicles has changed from year to year; and otherwise denies the allegations of paragraph 90.

91.     In response to paragraph 91, VWGoA denies the allegations of paragraph 91.

92.     In response to paragraph 92, VWGoA admits that certain vehicles used internally by VWGoA have been inspected or retrofitted by VWGoA prior to sale to third-party dealers, and otherwise denies the allegations of paragraph 92.

93.     In response to paragraph 93, VWGoA denies the allegations of paragraph 93.

94.     In response to paragraph 94, VWGoA denies the allegations of paragraph 94.

95.      In response to paragraph 95, VWGoA denies the allegations of paragraph 95.

96.      In response to paragraph 96, VWGoA denies the allegations of paragraph 96.

97.      In response to paragraph 97, VWGoA admits that Herbert Diess is currently the CEO of VW Germany, and otherwise denies the allegations of paragraph 97.

98.      In response to paragraph 98, VWGoA denies the allegations of paragraph 98.

99.      In response to paragraph 99, VWGoA denies the allegations of paragraph 99, except admits that it filed a Part 573 Safety Recall Report with NHTSA, and refers to that Report for a complete and accurate statement of its contents.

100.      In response to paragraph 100, VWGoA admits that it filed a Part 573 Safety Recall Report with NHTSA, and refers to that Report for a complete and accurate statement of its contents.  VWGoA otherwise denies the allegations of paragraph 100.

101.      In response to paragraph 101, VWGoA denies the allegations of paragraph 101, except admits that it filed a Part 573 Safety Recall Report with NHTSA, and refers to that Report for a complete and accurate statement of its contents.

102.      In response to paragraph 102, VWGoA denies the allegations of paragraph 102.

103.      In response to paragraph 103, VWGoA denies the allegations of paragraph 103, except refers to the referenced June 5, 2013 e-mail for a complete and accurate statement of its contents.

104.      In response to paragraph 104, VWGoA denies the allegations of paragraph 104, except refers to the alleged November 5, 2014 communication for a complete and accurate statement of its contents.

105.    In response to paragraph 105, VWGoA denies the allegations of paragraph 105, except admits that Chi-han Chen is a current employee of Volkswagen Group of America Chattanooga Operations LLC.

106.    In response to paragraph 106, VWGoA denies the allegations of paragraph 106.

107.    In response to paragraph 107, VWGoA states that paragraph 107 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 107.

108.    In response to paragraph 108, VWGoA states that paragraph 108 purports to characterize Plaintiffs' claims in this action and consists of legal conclusions to which no response is required.   To the extent that any response is required, VWGoA denies the allegations of paragraph 108.

109.    In response to paragraph 109, VWGoA states that paragraph 109 purports to characterize Plaintiffs' claims in this action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 109.

110.    In response to paragraph 110, VWGoA states that paragraph 110 purports to characterize Plaintiffs' claims in this action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 110.

111.    In response to paragraph 111, VWGoA states that paragraph 111 purports to characterize Plaintiffs' claims in this action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 111.

112.    In response to paragraph 112, VWGoA states that paragraph 112 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 112.

113.    In response to paragraph 113, VWGoA states that paragraph 113 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 113.

114.    In response to paragraph 114, VWGoA states that paragraph 114 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 114.

115.    In response to paragraph 115, VWGoA states that paragraph 115 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 115.

116.    In response to paragraph 116, VWGoA states that paragraph 116 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 116.

117.    In response to paragraph 117, VWGoA states that paragraph 117 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA

denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 117.

117.     In response to paragraph 118, VWGoA states that paragraph 118 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 118.

119.     In response to paragraph 119, VWGoA states that paragraph 119 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 119.

120.     In response to paragraph 120, VWGoA states that paragraph 120 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 120.

121.     In response to paragraph 121, VWGoA states that paragraph 121 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

122.     In response to paragraph 122, VWGoA states that paragraph 122 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 122.

123.     In response to paragraph 123, VWGoA states that paragraph 123 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes and case for a complete and accurate statement of their contents.

124.     In response to paragraph 124, VWGoA states that paragraph 124 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statute for a complete and accurate statement of its contents.

125.     In response to paragraph 125, VWGoA states that paragraph 125 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 125.

126.     In response to paragraph 126, VWGoA states that paragraph 126 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 126.

127.     In response to paragraph 127, VWGoA states that paragraph 127 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced regulations for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 127.

128.     In response to paragraph 128, VWGoA refers to the titling applications and registrations of each vehicle for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 128.

129.     In response to paragraph 129, VWGoA denies the allegations of paragraph 129.

130.     In response to the first sentence of paragraph 130, VWGoA denies, except admits that it filed a Part 573 Safety Recall Report with NHTSA on May 16, 2018 and refers to that Report for a complete and accurate statement of its contents.  VWGoA states that the remaining sentences

of paragraph 130 consist of legal conclusions, to which no response is required.  To the extent any response is required, VWGoA denies the remaining sentences of paragraph 130.

131.     In response to paragraph 131, VWGoA denies the allegations of paragraph 131.

132.     In response to paragraph 132, VWGoA states that paragraph 132 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

133.     In response to paragraph 133, VWGoA states that paragraph 133 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 133.

134.     In response to paragraph 134, VWGoA denies the allegations of paragraph 134, except refers to the Carfax reports prepared by Carfax for a complete and accurate statement of their contents.

135.     In response to paragraph 135, VWGoA refers to each Manufacturer's Certification for a complete and accurate statement of its contents, avers that it believed each vehicle it sold was legal to sell, and otherwise denies the allegations of paragraph 135.

136.     In response to paragraph 136, VWGoA denies the allegations of paragraph 136.

137.     In response to paragraph 137, VWGoA denies the allegations of paragraph 137.

138.     In response to paragraph 138, denies the allegations of paragraph 138.

139.     In response to paragraph 139, VWGoA denies the allegations of paragraph 139.

140.     In response to paragraph 140, VWGoA states that paragraph 140 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA

refers to the cited legal authorities for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 140.

141.    In response to paragraph 141, VWGoA states that paragraph 141 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 141.

142.    In response to paragraph 142, VWGoA denies the allegations of paragraph 142.

143.    In response to paragraph 143, VWGoA denies the allegations of paragraph 143.

144.    In response to paragraph 144, VWGoA states that paragraph 144 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

145.    In response to paragraph 145, VWGoA states that paragraph 145 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 145.

146.    In response to paragraph 146, VWGoA admits that it entered into a contract with Carfax, effective June 1, 2011, but which is no longer in effect, refers to the Carfax Contract for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 146.

147.    In response to paragraph 147, VWGoA admits that it entered into a contract with Carfax, effective June 1, 2011, but which is no longer in effect, refers to the Carfax Contract for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 147.

148.     In response to paragraph 148, VWGoA admits that it entered into a contract with Carfax, effective June 1, 2011, but which is no longer in effect, refers to the Carfax Contract for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 148.

149.     In response to paragraph 149, VWGoA denies the allegations of paragraph 149.

150.     In response to paragraph 150, VWGoA refers to the Carfax Contract for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 150.

151.     In response to paragraph 151, VWGoA refers to the Carfax Contract for a complete and accurate statement of its contents and otherwise denies the allegations of paragraph 151.

152.     In response to paragraph 152, VWGoA denies the allegations of paragraph 152, except refers to the Carfax Contract for a complete and accurate statement of its contents.

153.     In response to paragraph 153, VWGoA denies the allegations of paragraph 153, except refers to the Carfax Contract for a complete and accurate statement of its contents.

154.     In response to paragraph 154, VWGoA states that the first and second sentences of paragraph 154 consist of legal conclusions as to which no response is required.  To the extent that any response is required, VWGoA denies that it breached any implied covenant of good faith and fair dealing.  VWGoA otherwise denies the remaining allegations of paragraph 154.

155.     In response to paragraph 155, VWGoA denies the allegations of paragraph 155.

156.     In response to paragraph 156, VWGoA states that paragraph 156 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

157.     In response to paragraph 157, VWGoA states that paragraph 157 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent

that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 157.

158.    In response to paragraph 158, VWGoA denies the allegations of paragraph 158.

159.    In response to paragraph 159, VWGoA denies the allegations of paragraph 159.

160.    In response to paragraph 160, VWGoA denies the allegations of paragraph 160.

161.    In response to paragraph 161, VWGoA denies the allegations of paragraph 161.

162.    In response to paragraph 162, VWGoA denies the allegations of paragraph 162.

163.    In response to paragraph 163, VWGoA states that paragraph 163 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

164.    In response to paragraph 164, VWGoA states that paragraph 164 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 164.

165.    In response to paragraph 165, VWGoA states that paragraph 165 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1761 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 165.

166.    In response to paragraph 166, VWGoA states that paragraph 166 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1761 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 166.

167.     In response to paragraph 167, VWGoA states that paragraph 167 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the California CLRA for a complete and accurate statement of its contents.

168.     In response to paragraph 168, VWGoA denies the allegations of paragraph 168.

169.     In response to paragraph 169, VWGoA denies the allegations of paragraph 169.

170.     In response to paragraph 170, VWGoA states that paragraph 170 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 170.

171.     In response to paragraph 171, VWGoA denies the allegations of paragraph 171.

172.     In response to paragraph 172, VWGoA denies the allegations of paragraph 172.

173.     In response to paragraph 173, VWGoA states that paragraph 173 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 173.

174.     In response to paragraph 174, VWGoA denies the allegations of paragraph 174.

175.     In response to paragraph 175, VWGoA denies the allegations of paragraph 175.

176.     In response to paragraph 176, VWGoA denies the allegations of paragraph 176.

177.     In response to paragraph 177, VWGoA states that paragraph 177 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the California CLRA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 177.

178.     In response to paragraph 178, VWGoA denies the allegations of paragraph 178.

179.     In response to paragraph 179, VWGoA denies that Plaintiffs Hartman, Thomson and the putative California Class are entitled to injunctive relief and states that paragraph 179

-27-

otherwise contains characterization of Plaintiffs' claims or legal conclusions as to which no response is required.

180.     In response to paragraph 180, VWGoA states that paragraph 180 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

181.     In response to paragraph 181, VWGoA states that paragraph 181 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 181.

182.     In response to paragraph 182, VWGoA states that paragraph 182 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1791 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 182.

183.     In response to paragraph 183, VWGoA states that paragraph 183 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1791 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 183.

184.     In response to paragraph 184, VWGoA states that paragraph 184 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1791.1 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 184.

185.     In response to paragraph 185, VWGoA denies the allegations of paragraph 185.

186.     In response to paragraph 186, VWGoA denies the allegations of paragraph 186.

187.     In response to paragraph 187, VWGoA states that paragraph 187 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

188.     In response to paragraph 188, VWGoA states that paragraph 188 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 188.

189.     In response to paragraph 189, VWGoA states that paragraph 189 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1791 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 189.

190.     In response to paragraph 190, VWGoA states that paragraph 190 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Cal. Civ. Code § 1791 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 190.

191.     In response to paragraph 191, VWGoA states that paragraph 191 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 191.

192.     In response to paragraph 192, VWGoA states that paragraph 192 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 192.

193.     In response to paragraph 193, VWGoA states that paragraph 193 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 193.

194.     In response to paragraph 194, VWGoA states that paragraph 194 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 194.

195.     In response to paragraph 195, VWGoA denies the factual allegations, and states that the remainder of paragraph 195 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

196.     In response to paragraph 196, VWGoA denies the allegations of paragraph 196.

197.     In response to paragraph 197, VWGoA denies the allegations of paragraph 197.

198.     In response to paragraph 198, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 198.

199.     In response to paragraph 199, VWGoA denies the allegations of paragraph 199.

200.     In response to paragraph 200, VWGoA states that paragraph 200 purports to characterize Plaintiffs' claims in this action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 200.

201.     In response to paragraph 201, VWGoA denies the allegations of paragraph 201.

202.     In response to paragraph 202, VWGoA denies the allegations of paragraph 202.

203.     In response to paragraph 203, VWGoA states that paragraph 203 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

204.     In response to paragraph 204, VWGoA states that paragraph 204 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 204.

205.     In response to paragraph 205, VWGoA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies the factual allegations, and states that the remainder of paragraph 205 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies.

206.     In response to paragraph 206, VWGoA states that paragraph 206 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Colorado CPA for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 206.

207.     In response to paragraph 207, VWGoA states that paragraph 207 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Colorado CPA for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 207.

208.     In response to paragraph 208, VWGoA states that paragraph 208 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Col. Rev. Stat. § 6-1-113 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 208.

209.     In response to paragraph 209, VWGoA denies the allegations of paragraph 209.

210.     In response to paragraph 210, VWGoA denies the allegations of paragraph 210.

211.     In response to paragraph 211, VWGoA denies the allegations of paragraph 211.

212.     In response to paragraph 212, VWGoA states that paragraph 212 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 212.

213.     In response to paragraph 213, VWGoA denies the allegations of paragraph 213.

214.     In response to paragraph 214, VWGoA denies the allegations of paragraph 214.

215.     In response to paragraph 215, VWGoA states that paragraph 215 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 215.

216.     In response to paragraph 216, VWGoA denies the allegations of paragraph 216.

217.     In response to paragraph 217, VWGoA denies the allegations of paragraph 217.

218.     In response to paragraph 218, VWGoA denies the allegations of paragraph 218.

219.     In response to paragraph 219, VWGoA states that paragraph 219 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Colorado CPA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 219.

220.     In response to paragraph 220, VWGoA denies the allegations of paragraph 220.

221.     In response to paragraph 221, VWGoA denies the allegations of paragraph 221.

222.     In response to paragraph 222, VWGoA denies the allegations of paragraph 222.

223.     In response to paragraph 223, VWGoA states that paragraph 223 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 223.

224.     In response to paragraph 224, VWGoA denies that Plaintiff Jacobson and the putative Colorado Class are entitled to injunctive relief and states that paragraph 224 otherwise contains characterization of Plaintiffs' claims or legal conclusions as to which no response is required.

225.     In response to paragraph 225, VWGoA states that paragraph 225 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

226.     In response to paragraph 226, VWGoA states that paragraph 226 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 226.

227.     In response to paragraph 227, VWGoA states that paragraph 227 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 227.

228.     In response to paragraph 228, VWGoA states that paragraph 228 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Colo. Rev. Stat. § 4-2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 228.

229.     In response to paragraph 229, VWGoA states that paragraph 229 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Colo. Rev. Stat. § 4-2-314 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 229.

230.     In response to paragraph 230, VWGoA denies the allegations of paragraph 230.

231.     In response to paragraph 231, VWGoA denies the allegations of paragraph 231.

232.     In response to paragraph 232, VWGoA states that paragraph 232 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

233.     In response to paragraph 233, VWGoA states that paragraph 233 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 233.

234.     In response to paragraph 234, VWGoA states that paragraph 234 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 234.

235.     In response to paragraph 235, VWGoA states that paragraph 235 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Colo. Rev. Stat. § 4-2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 235.

236.     In response to paragraph 236, VWGoA states that paragraph 236 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required,

VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 236.

237.    In response to paragraph 237, VWGoA states that paragraph 237 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 237.

238.    In response to paragraph 238, VWGoA states that paragraph 238 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 238.

239.    In response to paragraph 239, VWGoA states that paragraph 239 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 239.

240.    In response to paragraph 240, VWGoA denies the factual allegations, and states that the remainder of paragraph 240 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

241.    In response to paragraph 241, VWGoA denies the allegations of paragraph 241.

242.    In response to paragraph 242, VWGoA denies the allegations of paragraph 242.

243.    In response to paragraph 243, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 243.

244.    In response to paragraph 244, VWGoA denies the allegations of paragraph 244.

245.     In response to paragraph 245, VWGoA states that paragraph 245 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 245.

246.     In response to paragraph 246, VWGoA denies the allegations of paragraph 246.

247.     In response to paragraph 247, VWGoA denies the allegations of paragraph 247.

248.     In response to paragraph 248, VWGoA states that paragraph 248 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

249.     In response to paragraph 249, VWGoA states that paragraph 249 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 249.

250.     In response to paragraph 250, VWGoA states that paragraph 250 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Fla. Stat. § 501.203 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 250.

251.     In response to paragraph 251, VWGoA states that paragraph 251 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Fla. Stat. § 501.203 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 251.

252.     In response to paragraph 252, VWGoA states that paragraph 252 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the FDUTPA for a complete and accurate statement of its contents.

253.     In response to paragraph 253, VWGoA denies the allegations of paragraph 253.

254.     In response to paragraph 254, VWGoA denies the allegations of paragraph 254.

255.     In response to paragraph 255, VWGoA states that paragraph 255 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 255.

256.     In response to paragraph 256, VWGoA denies the allegations of paragraph 256.

257.     In response to paragraph 257, VWGoA denies the allegations of paragraph 257.

258.     In response to paragraph 258, VWGoA states that paragraph 258 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 258.

259.     In response to paragraph 259, VWGoA denies the allegations of paragraph 259.

260.     In response to paragraph 260, VWGoA denies the allegations of paragraph 260.

261.     In response to paragraph 261, VWGoA denies the allegations of paragraph 261.

262.     In response to paragraph 262, VWGoA states that paragraph 262 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the FDUTPA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 262.

263.     In response to paragraph 263, VWGoA denies the allegations of paragraph 263.

264.     In response to paragraph 264, VWGoA denies that Plaintiffs Holovatyuk, B. Garcia and the putative Florida Class are entitled to injunctive relief and states that paragraph 264 otherwise contains characterizations of Plaintiffs' claims or legal conclusions as to which no response is required.

265.     In response to paragraph 265, VWGoA states that paragraph 265 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

266.     In response to paragraph 266, VWGoA states that paragraph 266 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 266.

267.     In response to paragraph 267, VWGoA states that paragraph 267 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 267.

268.     In response to paragraph 268, VWGoA states that paragraph 268 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Fla. Stat. § 672.105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 268.

269.     In response to paragraph 269, VWGoA states that paragraph 269 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Fla. Stat. § 672.314 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 269.

270.     In response to paragraph 270, VWGoA denies the allegations of paragraph 270.

271.     In response to paragraph 271, VWGoA denies the allegations of paragraph 271.

272.     In response to paragraph 272, VWGoA states that paragraph 272 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

273.     In response to paragraph 273, VWGoA states that paragraph 273 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 273.

274.     In response to paragraph 274, VWGoA states that paragraph 274 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 274.

275.     In response to paragraph 275, VWGoA states that paragraph 275 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Fla. Stat. § 672.105, and otherwise denies the allegations of paragraph 275.

276.     In response to paragraph 276, VWGoA states that paragraph 276 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 276.

277.     In response to paragraph 277, VWGoA states that paragraph 277 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 277.

278.     In response to paragraph 278, VWGoA states that paragraph 278 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 278.

279.     In response to paragraph 279, VWGoA states that paragraph 279 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 279.

280.     In response to paragraph 280, VWGoA denies the factual allegations, and states that the remainder of paragraph 280 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

281.     In response to paragraph 281, VWGoA denies the allegations of paragraph 281.

282.     In response to paragraph 282, VWGoA denies the allegations of paragraph 282.

283.     In response to paragraph 283, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 283.

284.     In response to paragraph 284, VWGoA denies the allegations of paragraph 284.

285.     In response to paragraph 285, VWGoA states that paragraph 285 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 285.

286.     In response to paragraph 286, VWGoA denies the allegations of paragraph 286.

287.     In response to paragraph 287, VWGoA denies the allegations of paragraph 287.

288.     In response to paragraph 288, VWGoA states that paragraph 288 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

289.     In response to paragraph 289, VWGoA states that paragraph 289 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 289.

290.     In response to paragraph 290, VWGoA states that paragraph 290 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to 815 Ill. Comp. Stat. § 505/1 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 290.

291.     In response to paragraph 291, VWGoA states that paragraph 291 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to 815 Ill. Comp. Stat. § 505/1 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 291.

292.     In response to paragraph 292, VWGoA states that paragraph 292 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Illinois CFA for a complete and accurate statement of its contents.

293.     In response to paragraph 293, VWGoA denies the allegations of paragraph 293.

294.     In response to paragraph 294, VWGoA denies the allegations of paragraph 294.

295.     In response to paragraph 295, VWGoA states that paragraph 295 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 295.

296.    In response to paragraph 296, VWGoA denies the allegations of paragraph 296.

297.    In response to paragraph 297, VWGoA denies the allegations of paragraph 297.

298.    In response to paragraph 298, VWGoA states that paragraph 298 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 298.

299.    In response to paragraph 299, VWGoA denies the allegations of paragraph 299.

300.    In response to paragraph 300, VWGoA denies the allegations of paragraph 300.

301.    In response to paragraph 301, VWGoA denies the allegations of paragraph 301.

302.    In response to paragraph 302, VWGoA states that paragraph 302 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Illinois CFA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 302.

303.    In response to paragraph 303, VWGoA denies the allegations of paragraph 303.

304.    In response to paragraph 304, VWGoA denies that Plaintiff Calise and the putative Illinois Class are entitled to injunctive relief and states that paragraph 304 otherwise contains characterization of Plaintiffs' claims or legal conclusions as to which no response is required.

305.    In response to paragraph 305, VWGoA states that paragraph 305 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

306.    In response to paragraph 306, VWGoA states that paragraph 306 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 306.

307.     In response to paragraph 307, VWGoA states that paragraph 307 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 307.

308.     In response to paragraph 308, VWGoA states that paragraph 308 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to 810 Ill. Comp. Stat. § 5/2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 308.

309.     In response to paragraph 309, VWGoA states that paragraph 309 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to 810 Ill. Comp. Stat. § 5/2-314 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 309.

310.     In response to paragraph 310, VWGoA denies the allegations of paragraph 310.

311.     In response to paragraph 311, VWGoA denies the allegations of paragraph 311.

312.     In response to paragraph 312, VWGoA states that paragraph 312 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

313.     In response to paragraph 313, VWGoA states that paragraph 313 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 313.

314.     In response to paragraph 314, VWGoA states that paragraph 314 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA

refers to the referenced statutes for a complete and accurate description of their contents, and otherwise denies the allegations of paragraph 314.

315.    In response to paragraph 315, VWGoA states that paragraph 315 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to 810 Ill. Comp. Stat. § 5/2-105 for a complete and accurate description of its contents, and otherwise denies the allegations of paragraph 315.

316.    In response to paragraph 316, VWGoA states that paragraph 316 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 316.

317.    In response to paragraph 317, VWGoA states that paragraph 317 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 317.

318.    In response to paragraph 318, VWGoA states that paragraph 318 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 318.

319.    In response to paragraph 319, VWGoA states that paragraph 319 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 319.

320.     In response to paragraph 320, VWGoA denies the factual allegations, and states that the remainder of paragraph 320 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

321.     In response to paragraph 321, VWGoA denies the allegations of paragraph 321.

322.     In response to paragraph 322, VWGoA denies the allegations of paragraph 322.

323.     In response to paragraph 323, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 323.

324.     In response to paragraph 324, VWGoA denies the allegations of paragraph 324.

325.     In response to paragraph 325, VWGoA states that paragraph 325 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 325.

326.     In response to paragraph 326, VWGoA denies the allegations of paragraph 326.

327.     In response to paragraph 327, VWGoA denies the allegations of paragraph 327.

328.     In response to paragraph 328, VWGoA states that paragraph 328 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

329.     In response to paragraph 329, VWGoA states that paragraph 329 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 329.

330.     In response to paragraph 330, VWGoA states that paragraph 330 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA

refers to N.J. Stat. § 56:8-1 for a complete and accurate description of its contents, and otherwise denies the allegations of paragraph 330.

331.     In response to paragraph 331, VWGoA states that paragraph 331 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to N.J. Stat. § 56:8-1 for a complete and accurate description of its contents, and otherwise denies the allegations of paragraph 331.

332.     In response to paragraph 332, VWGoA states that paragraph 332 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the New Jersey CFA for a complete and accurate description of its contents.

333.     In response to paragraph 333, VWGoA denies the allegations of paragraph 333.

334.     In response to paragraph 334, VWGoA denies the allegations of paragraph 334.

335.     In response to paragraph 335, VWGoA states that paragraph 335 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 335.

336.     In response to paragraph 336, VWGoA denies the allegations of paragraph 336.

337.     In response to paragraph 337, VWGoA denies the allegations of paragraph 337.

338.     In response to paragraph 338, VWGoA states that paragraph 338 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 338.

339.     In response to paragraph 339, VWGoA denies the allegations of paragraph 339.

340.     In response to paragraph 340, VWGoA denies the allegations of paragraph 340.

341.     In response to paragraph 341, VWGoA denies the allegations of paragraph 341.

342.     In response to paragraph 342, VWGoA states that paragraph 342 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the New Jersey CFA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 342.

343.     In response to paragraph 343, VWGoA denies the allegations of paragraph 343.

344.     In response to paragraph 344, VWGoA denies that Plaintiff Glover and the putative New Jersey Class are entitled to injunctive relief and states that paragraph 344 otherwise contains characterizations of Plaintiffs' claims or legal conclusions as to which no response is required.

345.     In response to paragraph 345, VWGoA states that paragraph 345 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

346.     In response to paragraph 346, VWGoA states that paragraph 346 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 346.

347.     In response to paragraph 347, VWGoA states that paragraph 347 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 347.

348.     In response to paragraph 348, VWGoA states that paragraph 348 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to N.J.S. 12A:2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 348.

349.     In response to paragraph 349, VWGoA states that paragraph 349 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to N.J.S. 12A:2-314 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 349.

350.     In response to paragraph 350, VWGoA denies the allegations of paragraph 350.

351.     In response to paragraph 351, VWGoA denies the allegations of paragraph 351.

352.     In response to paragraph 352, VWGoA states that paragraph 352 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation in the preceding paragraphs.

353.     In response to paragraph 353, VWGoA states that paragraph 353 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 353.

354.     In response to paragraph 354, VWGoA states that paragraph 354 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 354.

355.     In response to paragraph 355, VWGoA states that paragraph 355 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to N.J.S. 12A:2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 355.

356.     In response to paragraph 356, VWGoA states that paragraph 356 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required,

VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 356.

357.    In response to paragraph 357, VWGoA states that paragraph 357 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 357.

358.    In response to paragraph 358, VWGoA states that paragraph 358 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 358.

359.    In response to paragraph 359, VWGoA states that paragraph 359 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 359.

360.    In response to paragraph 360, VWGoA denies the factual allegations, and states that the remainder of paragraph 360 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

361.    In response to paragraph 361, VWGoA denies the allegations of paragraph 361.

362.    In response to paragraph 362, VWGoA denies the allegations of paragraph 362.

363.    In response to paragraph 363, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 363.

364.    In response to paragraph 364, VWGoA denies the allegations of paragraph 364.

365.     In response to paragraph 365, VWGoA states that paragraph 365 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 365.

366.     In response to paragraph 366, VWGoA denies the allegations of paragraph 366.

367.     In response to paragraph 367, VWGoA denies the allegations of paragraph 367.

368.     In response to paragraph 368, VWGoA states that paragraph 368 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

369.     In response to paragraph 369, VWGoA states that paragraph 369 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 369.

370.     In response to paragraph 370, VWGoA states that paragraph 370 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Wash. Rev. Code § 19.86.010 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 370.

371.     In response to paragraph 371, VWGoA states that paragraph 371 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Wash. Rev. Code § 19.86.010 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 371.

372.     In response to paragraph 372, VWGoA states that paragraph 372 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Washington CPA for a complete and accurate statement of its contents.

373.    In response to paragraph 373, VWGoA denies the allegations of paragraph 373.

374.    In response to paragraph 374, VWGoA denies the allegations of paragraph 374.

375.    In response to paragraph 375, VWGoA states that paragraph 375 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 375.

376.    In response to paragraph 376, VWGoA denies the allegations of paragraph 376.

377.    In response to paragraph 377, VWGoA denies the allegations of paragraph 377.

378.    In response to paragraph 378, VWGoA states that paragraph 378 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA denies the allegations of paragraph 378.

379.    In response to paragraph 379, VWGoA denies the allegations of paragraph 379.

380.    In response to paragraph 380, VWGoA denies the allegations of paragraph 380.

381.    In response to paragraph 381, VWGoA denies the allegations of paragraph 381.

382.    In response to paragraph 382, VWGoA states that paragraph 382 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the Washington CPA for a complete and accurate statement of its contents and the duties imposed on VWGoA thereunder, and otherwise denies the allegations of paragraph 382.

383.    In response to paragraph 383, VWGoA denies the allegations of paragraph 383.

384.    In response to paragraph 384, VWGoA denies that Plaintiff R. Garcia and the putative Washington Class are entitled to injunctive relief and states that paragraph 384 otherwise contains characterizations of Plaintiffs' claims or legal conclusions as to which no response is required.

385.    In response to paragraph 385, VWGoA states that paragraph 385 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

386.    In response to paragraph 386, VWGoA states that paragraph 386 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 386.

387.    In response to paragraph 387, VWGoA states that paragraph 387 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 387.

388.    In response to paragraph 388, VWGoA states that paragraph 388 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Wash. Rev. Code § 62A.2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 388.

389.    In response to paragraph 389, VWGoA states that paragraph 389 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Wash. Rev. Code § 62A.2-314 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 389.

390.    In response to paragraph 390, VWGoA denies the allegations of paragraph 390.

391.    In response to paragraph 391, VWGoA denies the allegations of paragraph 391.

392.    In response to paragraph 392, VWGoA states that paragraph 392 contains no factual allegations requiring a response.  To the extent that any response is required, VWGoA incorporates by reference its responses to each allegation of the preceding paragraphs.

393.    In response to paragraph 393, VWGoA states that paragraph 393 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies that this action may be maintained as a class action, and otherwise denies the allegations of paragraph 393.

394.    In response to paragraph 394, VWGoA states that paragraph 394 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to the referenced statutes for a complete and correct statement of their contents, and otherwise denies the allegations of paragraph 394.

395.    In response to paragraph 395, VWGoA states that paragraph 395 consists of legal conclusions to which no response is required.  To the extent that any response is required, VWGoA refers to Wash. Rev. Code § 62A.2-105 for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 395.

396.    In response to paragraph 396, VWGoA states that paragraph 396 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 396.

397.    In response to paragraph 397, VWGoA states that paragraph 397 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 397.

398.     In response to paragraph 398, VWGoA states that paragraph 398 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer Certificate of Origin for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 398.

399.     In response to paragraph 399, VWGoA states that paragraph 399 contains no allegations concerning VWGoA requiring a response.  To the extent that any response is required, VWGoA refers to the Manufacturer's Certification for a complete and accurate statement of its contents, and otherwise denies the allegations of paragraph 399.

400.     In response to paragraph 400, VWGoA denies the factual allegations, and states that the remainder of paragraph 400 consists of legal conclusions to which no response is required. To the extent that any response is required, VWGoA denies.

401.     In response to paragraph 401, VWGoA denies the allegations of paragraph 401.

402.     In response to paragraph 402, VWGoA denies the allegations of paragraph 402.

403.     In response to paragraph 403, VWGoA refers to the Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 for a complete and accurate statement of that Report's contents.  VWGoA otherwise denies the allegations of paragraph 403.

404.     In response to paragraph 404, VWGoA denies the allegations of paragraph 404.

405.     In response to paragraph 405, VWGoA states that paragraph 405 purports to characterize Plaintiffs' claims in the action and, as such, does not require a response.  To the extent that any response is required, VWGoA denies the allegations of paragraph 405.

406.     In response to paragraph 406, VWGoA denies the allegations of paragraph 406.

407.     In response to paragraph 407, VWGoA denies the allegations of paragraph 407.

### AFFIRMATIVE DEFENSES

VWGoA states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence or ratification.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, release, or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages they allegedly sustained were caused by the acts and/or omissions of persons other than VWGoA and over whom VWGoA had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because VWGoA did not make false or misleading statements to them.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable loss or damages under applicable law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentation or breach of contract or warranty by VWGoA was not the proximate cause of any alleged damages or losses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs would be unjustly enriched if they were permitted to obtain recovery in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied preemption.

## TWELFTH AFFIRMATIVE DEFENSE

VWGoA hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## PRAYER FOR RELIEF

WHEREFORE, VWGoA requests dismissal of the Complaint on the merits, in its entirety and with prejudice, awarding the Defendants costs and disbursements incurred in this action, and awarding such additional relief as the Court may deem just and appropriate.

Dated:  December 9, 2019

MCGUIRE WOODS LLP

*/s/ Frank Talbott V*
Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  804-775-4773
Fax:  804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

Respectfully submitted,

SULLIVAN & CROMWELL LLP

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
125 Broad Street
New York, NY 10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
1700 New York Ave, NW
Washington, DC 20006
Tel:  202-956-7500
Fax:  202-293-6330
littletonj@sullcrom.com

*Counsel for Volkswagen Group of America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2019, I electronically filed the foregoing with the

Clerk of Court using the Court's CM/ECF filing system which will send notification of

electronic filing (NEF) to all counsel of record.

<u>/s/ *Frank Talbott V*___</u>
Frank Talbott V (VSB No. 86396)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4773
Fax: (804) 698-2313
ftalbott@mcguirewoods.com

*Counsel for Volkswagen Group of America, Inc.*