IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-331 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Defendant Volkswagen Aktiengesellschaft's Motion to Dismiss Plaintiffs' Amended Complaint. Dkt. 57. The Motion has been fully briefed and the Court dispensed with oral argument because it would not aid the decisional process.

Having reviewed the pleadings and arguments, the Court concludes that Plaintiffs' well pleaded factual allegations, taken as true, support that Volkswagen Aktiengesellschaft (VW-G) and Volkswagen Group of America ("VWGoA") entered into a special combination for the purpose of unlawfully selling preproduction series vehicles. Far from pleading an end-run of Virginia's standards for corporate veil piercing, Plaintiffs have alleged the separate entities were joint venturers because, as relevant here, the pleaded facts indicate that VW-G manufactured and shipped the vehicles subject to this suit to VWGoA through Virginia, maintained at least one record of preproduction series vehicles within the United States, directed VWGoA to perform allegedly unlawful actions, and unlawfully made material misrepresentations about the vehicles. *See, e.g.*, Am. Compl. ¶¶ 26, 28, 97, 104, 191-92.

Furthermore, this Court has specific personal jurisdiction over VW-G. Personal jurisdiction can exist only if a state long arm statute confers jurisdiction, and it is consistent with due process. *See Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). Because Virginia's long-arm statute confers personal jurisdiction to the greatest constitutionally permissible extent, "the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Virginia confers personal jurisdiction over defendants who act directly to give rise to a cause of action by, *inter alia*, transacting business in Virginia or causing injury in Virginia by acts or omissions. *See* Va. Code. § 8.01-328.1. The exercise of specific personal jurisdiction is constitutional when the defendant has purposefully availed itself of the privilege of conducting business in a state, the claims arose from activities directed to the state, and if it is constitutionally reasonable to exercise personal jurisdiction over the defendant. *Consulting Eng'rs Corp.*, 561 F.3d at 278. Even without considering the acts of VW-G's joint venture, the claims here arise directly from VW-G's acts, through which it availed itself of Virginia. Those acts include business transactions in the Commonwealth and acts or omissions which caused injury. Specifically, VW-G availed itself of Virginia by directing vehicles to be shipped into or through the Commonwealth, transferred title in Virginia, and made misrepresentations giving rise to the alleged injuries here. Because VW-G purposefully availed itself of Virginia, could reasonably expect a lawsuit to arise from those acts, including engaging in a joint venture, it is not unreasonable to exercise personal jurisdiction. Accordingly, this Court has specific personal jurisdiction over VW-G.

VW-G argues that the Odometer Act claim must be dismissed because Plaintiffs do not allege VW-G was a transferor, was responsible for any of the misrepresentations, and because

the Odometer Act does not allow for joint and several liability. The first argument must fail because, while only a transferor may be liable under the Act, Plaintiffs have pleaded facts to support the inference that VWGoA's allegedly unlawful transfers were made in the course of the joint venture and with authority of VW-G. Under Virginia law, VW-G is therefore liable for the violative acts of VWGoA. *See Roark v. Hicks*, 234 Va. 470, 475 (1987) ("the rules of law governing rights, duties, and liabilities of joint venturers are substantially the same as those which govern partnerships."); Va. Code § 50-73.95 (a "partnership is liable for . . . actionable conduct, of a partner acting in the ordinary course . . . or with authority of the partnership."); Va. Code § 50-73.91 ("all partners are liable jointly and severally for all obligations of the partnership . . ."). The second and third arguments also must fail for the same reasons.

In *Ferris v. Haymor*, upon which VW-G relies, the Fourth Circuit stated "We cannot agree . . . that the common law principle of joint and several liability can be imported into a provision [of the Odometer Act] (at least not where, as here, each fraudulent transfer was by a separate entity)." 967 F.2d 946, 956 (4th Cir. 1992), *as amended* (July 22, 1992). Under Plaintiffs' joint venture theory, this case differs from *Ferris* for the precise reason the *Ferris* Court parenthetically noted. Because a joint venturer is an agent of the joint venture, VWGoA's allegedly fraudulent transfer that of VW-G's as well. *See* 49 C.F.R. § 580.3 (defining "Transferor" to include "any person who, as agent, signs an odometer disclosure . . ."). Imposing liability here further comports with the *Ferris* Court's rationale, which was based upon the Odometer Act's creation of "a cause of action against each violator," because "Congress intended the full punitive force of the statute to be felt by every person who defrauds the public through deceptive odometer manipulation-joint wrongdoers no less so than others." *Id.* at 956. Thus, *Ferris* does not support VW-G's argument.

3

Plaintiffs have withdrawn their implied warranty claims under Illinois and Washington law.[1] As to the other disputed counts, the Court finds that the Amended Complaint contains sufficient well pleaded facts to survive a motion to dismiss. Accordingly, Defendant's motion is hereby **DENIED**.

Plaintiffs' counsel is hereby instructed to file for class certification and appointment of class counsel, and for any injunctive relief, separately from the Amended Complaint.

It is **SO ORDERED**.

December 23, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[1] The Amended Complaint does not allege common law counts of fraud or breach of contract against VW-G.

4