IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19cv331-LO-MSN |
| ) | |
| VOLKSWAGEN GROUP OF AMERICA, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit their joint discovery plan as follows:

1. **Service.** All pleadings, motions, and other papers are to be served on the other parties electronically as provided by Federal Rule of Civil Procedure 5(b)(2)(E), 6(d), the Local Rules, and the Local ECF Policies and Procedures. The parties agree to serve by e-mail or by means of an electronic file-share service all discovery requests, objections, and written responses and any other papers that are not filed. The serving party shall attach the pleading or other paper in "Portable Document Format" (".pdf") or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment or electronic file-share service is impractical, then those materials shall be served by overnight delivery via a service with the ability to "track" deliveries and verify receipt. Service by e-mail prior to 11:59 P.M. Eastern Time shall be the equivalent of service by hand that day for purposes of Federal Rules of Civil Procedure

        5 and 6. If service by overnight courier has been used for any papers, it will be the equivalent of service by hand on the day of receipt.

2. **Protective Order.** The parties are conferring regarding an appropriate form of protective order. To the extent an agreement can be reached, the parties will submit an appropriate form of stipulated protective order to the Court, which will meet the requirements of Local Rule 5.

3. **ESI Order.** To the extent that an agreement can be reached, the parties will submit an appropriate form of order regarding electronically stored information ("ESI") to the Court. If no agreement can be reached, the parties shall submit their disputes regarding the production of ESI to the Court.

4. **Settlement.** Although the parties have not yet discussed settlement, they are amenable to such discussions.

5. **Amendments.** Any further amendments to the pleadings must be made with leave of court or the agreement of the parties.

6. **Initial Disclosures.** Each party shall make the initial disclosures pursuant to Rule 26(a)(1) on or before September 16, 2020. The parties do not foresee any need to change the form or requirements for disclosure under Rule 26(a)(1).

7. **Interrogatories.** The parties are conferring regarding reasonable numerical limits per side on interrogatories. If no agreement can be reached, the parties shall submit their dispute to the Court on or before October 30, 2020.

8. **Rule 26(a)(2) Expert Disclosures.** Plaintiffs shall serve their expert disclosures and reports upon Defendants on or before March 8, 2021. Defendants shall serve their expert disclosures and reports upon Plaintiffs on or before May 10, 2021. Plaintiffs shall serve

their rebuttal expert reports on or before June 1, 2021. All expert discovery shall be completed by June 30, 2021. The parties shall produce on the same date as the expert reports native format versions of all spreadsheets (including formulas), source code and data relied upon for any expert opinions, calculations or exhibits, along with any materials relied upon by any expert not previously produced in discovery or publicly available. For purposes of each experts' disclosures under Rule 26(a)(2)(B)(ii), the parties agree that each expert need only disclose materials relied upon by the expert. The parties agree that the deposition of any expert witness may take place after that expert's report and disclosures have been served. Nothing in this paragraph shall be construed to preclude or limit inquiry at any expert deposition in accordance with the Federal Rules of Civil Procedure, including inquiry into whether an expert considered or reviewed any particular materials and the reasons why the expert did or did not rely on such material in forming his or her opinions.

9. **Class Certification Briefing Schedule.** The parties propose the following class certification briefing schedule:

- Plaintiffs' motion for class certification:   July 23, 2021.
- Defendants' opposition:   August 23, 2021.
- Plaintiffs' reply:   September 7, 2021.

10. **Completion of Discovery.** All fact discovery shall be completed by February 8, 2021, which the parties propose as a modification to the Court's August 10, 2020 Order. All expert discovery shall be completed by June 30, 2021. The parties do not seek to bifurcate class certification and merits discovery at this time, but reserve their rights to seek, or oppose, bifurcation. If bifurcation is sought at a later date, and if the Court finds bifurcation to be appropriate and allows it, then all parties hereto agree not to object to reasonable

extensions of time to the proposed schedule set forth herein, which is based upon the assumption that discovery on class certification and merits discovery will proceed simultaneously.

11. **Final Pretrial Conference.**  As a proposed alteration to the Court's August 10, 2020 Order, subject to the Court's approval, the Final Pretrial Conference shall be set for October 29, 2021, at 1:30 P.M. or as soon thereafter as the parties may be heard.  The parties shall exchange copies of exhibits and witness lists at or prior to the Final Pretrial Conference.

12. **Magistrate Judge Jurisdiction.**  The parties do not consent to the jurisdiction of the magistrate judge.  The case is to be tried to a jury.

Respectfully submitted,

/s/ Michael J. Melkersen
Michael J. Melkersen (VSB. No. 69828)
9633 S. Congress Street
New Market, VA  22844
Tel:  540-740-3937
Fax:  540-740-8851
mike@mlawpc.com

Nathan D. Finch
Joseph Rice (*Admitted Pro Hac Vice*)
Kevin R.  Dean (*Admitted Pro Hac Vice)*
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Tel: 843-216-9000
Fax:  843-216-9440
kdean@motleyrice.com

Michael J. Quirk (*Admitted Pro Hac Vice*)
Motley Rice LLC
40 West Evergreen Avenue, Suite 104
Philadelphia, PA 19118
Tel: 610-579-9932
Fax: 856-667-5133
mquirk@motleyrice.com

*Counsel for Plaintiffs*

/s/ Frank Talbott V
Terrence M. Bagley (VSB No. 22081)
Kenneth W. Abrams (VSB No. 78216)
Frank Talbott V (VSB No. 86396)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: 804-775-4773
Fax: 804-698-2323
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

Robert J. Giuffra Jr. (*pro hac vice*)
Suhana S. Han (*pro hac vice*)
Adam R. Brebner (*pro hac vice*)
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: 212-558-4000
Fax: 212-558-3558
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton (*pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, NW
Washington, DC 20006
Tel: 202-956-7500
Fax: 202-293-6330
littletonj@sullcrom.com

*Counsel for Defendants*