# **EXHIBIT O**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 1:19-cv-331-LO-MSN |
| | ) |
| VOLKSWAGEN GROUP OF AMERICA, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF DUANE K. GLOVER'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26(C) of the Local Rules for the Eastern District of Virginia, Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its undersigned counsel, submits these responses and objections to Plaintiff Duane K. Glover's First Set of Interrogatories to VWGoA (the "Interrogatories"), dated December 8, 2020, in the above-captioned action (the "Action").

VWGoA is willing to meet and confer with Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with these responses and objections (the "Responses") pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### General Objections

1.      The General Objections (collectively with the Objections to Definitions and the Specific Objections, the "Objections") set forth below apply to the Interrogatories generally and to each Definition, Instruction, and specific Interrogatory and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Interrogatory.  Any objection to a Definition or Instruction shall also apply equally to any other

Definition, Instruction, or Interrogatory that incorporates that Definition or Instruction.  Any undertaking to search for or provide information or documents in response to any Interrogatory remains subject to these Objections.  The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude VWGoA from raising that objection at a later time.

   2. VWGoA objects to the Interrogatories to the extent that they call for information subject to foreign data privacy laws and/or regulations, including, but not limited to, the EU General Data Protection Regulation.

   3. VWGoA's investigation of the matters addressed in the Interrogatories is ongoing, and it therefore reserves the right (but does not assume the obligation other than as required by the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Virginia, or any other applicable law or rule or any order entered by the Court in this Action (collectively, "Applicable Law")) to:  (i) revise, amend, correct, supplement, clarify, or modify the content of the Responses in accordance with the applicable rules and court orders; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action, including discovery relating to the subject matter of information provided; (iv) use or rely upon any information produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from any response as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding, or trial.

## Objections to Definitions

1. VWGoA objects to Definition No. 1 ("You" or "VWGOA"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is overly broad and calls for information that is not relevant to the claims, defenses, or subject matter of the Action because it includes VWGoA's "subsidiaries (including VW Credit, Inc.), affiliates, predecessors, successors, representatives, agents, employees, experts, investigators, attorneys, and/or insurers." In particular, Definition No. 1 expands the meaning of "You" or "VWGOA" such that the scope of information sought is outside the possession, custody, or control of VWGoA and/or beyond the asserted claims and purported Class Vehicles, which are limited to, among other things, Volkswagen-branded vehicles.  VWGoA further objects to Definition No. 1 because it fails to distinguish between distinct corporate entities.   For the purposes of responding to the Interrogatories, VWGoA construes the terms "You" or "VWGOA" to refer to Volkswagen Group of America, Inc., and its current or former officers, directors, and employees.

2. VWGoA objects to Definition No. 2 ("VWAG"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is overly broad and calls for information that is not relevant to the claims, defenses, or subject matter of the Action because it includes Volkswagen Aktiengesellschaft's ("VW AG") "subsidiaries, affiliates, predecessors, successors, representatives, agents, employees, experts, investigators, attorneys, and/or insurers." VWGoA further objects to Definition No. 2 because the scope of information sought is outside the possession, custody, or control of VWGoA and/or beyond the asserted claims and purported Class Vehicles, which are limited to, among other things, Volkswagen-branded vehicles.  VWGoA further objects to Definition No. 2 because it fails to distinguish between distinct corporate entities. For the purposes of responding to the Interrogatories, VWGoA construes the term "VW AG" to

refer to Volkswagen Aktiengesellschaft and its current or former officers, directors, and employees.

3.      VWGoA objects to Definition No. 3 ("Volkswagen"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is overly broad and calls for information that is not relevant to the claims, defenses, or subject matter of the Action because it refers to and incorporates Definition Nos. 1 and 2, and VWGoA incorporates by reference its objections to Definition Nos. 1 and 2.  In particular, Definition No. 3 expands the meaning of "Volkswagen" such that the scope of information sought is outside the possession, custody, or control of VWGoA and/or beyond the asserted claims and purported Class Vehicles, which are limited to, among other things, Volkswagen-branded vehicles.  VWGoA further objects to Definition No. 3 because it fails to distinguish between distinct corporate entities.  VWGoA further objects to Definition No. 3 on the grounds that it is vague and ambiguous, including because it fails to explain the phrase "any one or more of."  For the purposes of responding to the Interrogatories, VWGoA construes the term "Volkswagen" to refer to VWGoA and VW AG and their current and former officers, directors, and employees.  As VW AG is also a party to this Action and has been separately served with discovery requests, VWGoA will respond to the Interrogatories only on behalf of VWGoA.

4.      VWGoA objects to Definition No. 4 ("Class Vehicles"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague and ambiguous, insofar as it fails to explain the phrases "used internally," "assigned to a general pool of vehicles for short-term loans to Volkswagen employees," "for their personal use," "altered after the date of manufacture," and "identified by Volkswagen on the application for original title." VWGoA further objects to Definition No. 4 on the grounds that it assumes the existence of facts

that do not exist or the occurrence of events that did not occur, including because subsection (a) presumes contested legal and factual conclusions by incorporating unspecified sections of the Second Amended Complaint, and subsecions (e) and (f) presume contested legal and factual conclusions, including that vehicles were "altered after the date of manufacture" and that any vehicle's "mileage identified by Volkswagen on the application for original title was incorrect or otherwise inaccurate."   VWGoA further objects to Definition No. 4 on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including by adding subsection (h) and materially modifying subsections (a) and (f).   VWGoA further objects to Definition No. 4 on the grounds and to the extent it seeks the discovery of information held by third parties, such as information related to any alteration to a vehicle by a third party "after the date of manufacture," that is outside the possession, custody, or control of VWGoA.   For the purposes of responding to the Interrogatories, VWGoA construes the term "Class Vehicles" to refer to Volkswagen-branded cars that were used internally by VWGoA and later resold by an authorized Volkswagen or Audi dealership as a Certified Pre-Owned ("CPO") vehicle in the United States during the period from January 1, 2007 to March 21, 2019, and were one or more of the following: (a) a Pre-Production Vehicle (as that term is construed by VWGoA, as specified below in its objections to Definition No. 7), (b) a Recalled Vehicle (as that term is construed by VWGoA, as specified below in its objections to Definition No. 10) subject to the May 16, 2018 recall report (National Highway Traffic Safety Administration ("NHTSA") Recall No. 18V-329), (c) a Press-Fleet Vehicle (as that term is construed by VWGoA, as specified below in its objections to Definition No. 11), (d) a Pool-Fleet Vehicle (as that term is construed by VWGoA, as specified below in its objections to Definition No. 12), (e) an Altered Vehicle (as that term is construed by VWGoA, as specified below in its

objections to Definition No. 15), (f) a vehicle identified by Volkswagen on the application for original title as having a nominal number of miles (i.e., 10 miles) when the vehicle's odometer reflected a substantially greater amount (e.g., thousands of miles) (*see* 2d Am. Compl. ¶¶ 5, 124), or (g) a Recalled Vehicle (as that term is construed by VWGoA, as specified below in its objections to Definition No. 10) subject to the September 25, 2019 recall report (NHTSA Recall No. 19V-679).

5.      VWGoA objects to Definition No. 7 ("Pre-Production Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including to the extent it includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint. For the purposes of responding to the Interrogatories, VWGoA construes the term "Pre-Production Vehicle" to refer to purported Class Vehicles built before the start of production date for a given model year.

6.      VWGoA objects to Definition No. 8 ("Pre-Series Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous, and overly broad insofar as it fails to explain the phrases "production try-out" and "intended to prove reproducibility."  VWGoA further objects to Definition No. 8 on the grounds that it assumes the existence of facts that do not exist or the occurrence of events that did not occur, including because it presumes legal and factual conclusions in paragraphs 34-35 of the Second Amended Complaint, incorporated by Definition No. 8.  VWGoA further objects to Definition No. 8 on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including to the extent it

-6-

includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint. For the purposes of responding to the Interrogatories, VWGoA construes the term "Pre-Series Vehicle" to be synonymous with the term "Pre-Production Vehicle" and to refer to purported Class Vehicles built before the start of production for a given model year.

   7. VWGoA objects to Definition No. 9 ("Zero-Series Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it assumes the existence of facts that do not exist or the occurrence of events that did not occur, including because it presumes legal and factual conclusions in paragraphs 34-35 of the Second Amended Complaint, incorporated by Definition No. 9.

   8. VWGoA objects to Definition No. 10 ("Recalled Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous, and overly broad. VWGoA further objects to Definition No. 10 on the grounds that it impermissibly seeks to expand the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint. In particular, the Definition seeks to include a new category of vehicles that was not included in the Second Amended Complaint, specifically vehicles that were recalled in September 2020. VWGoA further objects to Definition No. 10 to the extent it includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint. For the purposes of responding to the Interrogatories, VWGoA construes the term "Recalled Vehicle" to refer to purported Class Vehicles that were referenced in or subject to the Part 573 Safety Recall Reports filed with NHTSA on May 16, 2018 (NHTSA Recall No. 18V-329) or September 25, 2019 (NHTSA Recall No. 19V-679).

9.      VWGoA objects to Definition No. 11 ("Press-Fleet Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including to the extent it includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint. For the purposes of responding to the Interrogatories, VWGoA construes the term "Press-Fleet Vehicle" to refer to purported Class Vehicles loaned by Volkswagen to one or more members of the automotive press.

10.     VWGoA objects to Definition No. 12 ("Pool-Fleet Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous, and overly broad insofar as it fails to explain the phrases "assigned to a general pool of vehicles for short-term loans to Volkswagen employees," and "for their personal use." VWGoA further objects to Definition No. 12 on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including to the extent it includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint. For the purposes of responding to the Interrogatories, VWGoA construes the term "Pool-Fleet Vehicle" to refer to purported Class Vehicles assigned to a general pool of vehicles for short-term loans to Volkswagen employees for their personal use.

11.     VWGoA objects to Definition No. 13 ("Leased-Fleet Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous, and overly broad insofar as it fails to explain the phrase "leased to one or more Volkswagen employees."  For the purposes of responding to the Interrogatories, VWGoA

construes the term "Leased-Fleet Vehicle" to refer to vehicles that VWGoA leased to one or more Volkswagen employees.

12.     VWGoA objects to Definition No. 15 ("Altered Vehicle"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous, and overly broad insofar as it fails to explain the phrase "for which documentation may be incomplete."   VWGoA further objects to Definition No. 15 on the grounds that it impermissibly seeks to amend the scope of the purported Class Vehicles beyond the allegations of the Second Amended Complaint, including to the extent it includes any vehicles that do not meet the requirements of "Class Vehicles" as defined in paragraph 105 of the Second Amended Complaint.  VWGoA further objects to Definition No. 15 on the grounds and to the extent it seeks the discovery of information held by third parties, such as information related to any modification to a vehicle by a third party "after the date of manufacture," that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.  For the purposes of responding to the Interrogatories, VWGoA construes the term "Altered Vehicles" to refer to purported Class Vehicles altered after the date of manufacture in such a manner as may affect the conformity of the vehicle with one or more Federal Motor Vehicle Safety Standard(s) or the validity of the vehicle's stated weight ratings or vehicle type classification, but no Alterer's Certificate was affixed to such vehicle.

13.     VWGoA objects to Definition No. 21 ("Identify"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is overly broad to the extent it seeks the discovery of information that is outside the possession, custody, or control of VWGoA and to the extent that it calls for information that is not relevant to the claims or defenses of any party to, or the subject matter of, the Action or reasonably calculated to lead to the discovery of

admissible evidence, such as the "home telephone number(s)" or "last known employer" of any natural person identified by VWGoA in responding to the Interrogatories.  For the purposes of responding to the Interrogatories, VWGoA construes the term "Identify" in accordance with its usual meaning, which may not capture every item that could plausibly fall within this expansive and overly broad Definition.

14.     VWGoA objects to Definition No. 22 ("Identify"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is overly broad to the extent that it calls for information that is not relevant to the claims or defenses of any party to, or the subject matter of, the Action or reasonably calculated to lead to the discovery of admissible evidence, such as the "identity of the author(s) or preparer(s)" of any document identified by VWGoA in responding to the Interrogatories.   For the purposes of responding to the Interrogatories, VWGoA construes the term "Identify" in accordance with its usual meaning, which may not capture every item that could plausibly fall within this expansive and overly broad Definition.

15.     VWGoA objects to Definition No. 24 ("Defendant"), and to any Definition or Interrogatory that incorporates that definition, on the grounds that it is vague, ambiguous,  overly broad, and calls for information that is not relevant to the claims, defenses, or subject matter of the Action because it includes VWGoA's "officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates."  In particular, it expands the meaning of "Defendant" such that the scope of information sought is outside the possession, custody, or control of VWGoA and beyond the asserted claims and purported Class Vehicles, which are limited to, among other things, Volkswagen-branded vehicles.  VWGoA further objects to Definition No. 24 on the grounds that it fails to distinguish between distinct corporate entities and would require VWGoA to discern or

inquire about relationships between or among entities that are not affiliated with VWGoA.  For the purposes of responding to the Interrogatories, VWGoA construes the term "Defendant" to refer to VWGoA and its current or former officers, directors, and employees.

### Objections to the Relevant Time Period

1.      VWGoA objects to the "Relevant Time Period" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims, defenses, or subject matter of the Action to the extent that it seeks information outside of the definition of "Class Vehicles" in Definition No. 4 and in paragraph 105 of the Second Amended Complaint.  VWGoA further objects to the "Relevant Time Period" on the grounds that it is overly broad and unduly burdensome to the extent it attempts to impose an ongoing obligation to search for any new information.  To the extent VWGoA agrees to provide information in response to any Interrogatory, it will do so subject to agreement on an appropriate time period covered by the Interrogatory.

**Specific Responses and Objections**

**Interrogatory No. 1.**

Identify the following information for each Class Vehicle:

a)      VIN;
b)      Production Date;
c)      Factory-installed options (sometimes referred to by Volkswagen as option codes);
d)      Invoice Date (or other designation indicating the date of first sale to dealership);
e)      Date of first retail sale (RDR);
f)      Date of CPO certification;
g)      Invoice Price (the price at which you sold the vehicle or billed the dealer);
h)      Incentive amounts paid by you and/or Volkswagen to dealership and end-using customers in connection with the first retail sale of the vehicle;
i)      Whether the consumer financed the vehicle through VW Credit, Inc.;
j)      The date on which consumer financed the vehicle through VW Credit, Inc.;
k)      Revenue recorded by you and/or Volkswagen in association with CPO certification; and,
l)      Gross Profit recorded by you and/or Volkswagen in association with CPO certification.

**Objections to Interrogatory No. 1.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects to Interrogatory No. 1 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under Applicable Law.  VWGoA further objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information that is more efficiently obtained through document discovery, (ii) it seeks information unrelated to the asserted claims or the purported Class Vehicles, including to the extent that it seeks information regarding consumer financing, (iii) it seeks information for each Class Vehicle when information for a subset of purported Class Vehicles would suffice, (iv) it seeks unnecessary and disproportionately detailed information specific to non-representative purported class members relative to the needs of the

-12-

Action, and (v) it seeks information that would require onerous search efforts by VWGoA that are not proportional to the needs of the Action.

VWGoA further objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous, including because it fails to explain the phrases "date of first sale to dealership," "Date of first retail sale (RDR)," "the price at which you sold the vehicle or billed the dealer," "Incentive amounts paid by you and/or Volkswagen to dealership and end-using customers in connection with the first retail sale of the vehicle," and "in association with CPO certification."

VWGoA further objects to Interrogatory No. 1 on the grounds that it assumes the existence of facts that do not exist or the occurrence of events that did not occur, including to the extent that it assumes VWGoA paid incentive amounts "to dealership and end-using customers in connection with the first retail sale of the vehicle." VWGoA further objects to Interrogatory No. 1 on the grounds that it seeks the discovery of information held by third parties, such as VW Credit, Inc., dealerships, and private individuals, that is outside the possession, custody, or control of VWGoA and/or to which VWGoA has no legal right of access. VWGoA further objects to Interrogatory No. 1 to the extent it is duplicative of other discovery requests.

VWGoA further objects to Interrogatory No. 1 on the grounds that that it combines at least five separate interrogatories and asserts them as a single interrogatory, and that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 1.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 1 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119

(August 10, 2020).  VWGoA is willing to meet and confer with Plaintiffs regarding the application

of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 2.**

> From the "NAVS ONLINE" database, identify the following information regarding the use
> of any Class Vehicle that was part of the Press Fleet or the Pool Fleet during the time that
> any such vehicles were owned by Volkswagen:
>
> a)     VIN;
> b)     Date Out;
> c)     Date In;
> d)     Miles Out; and,
> e)     Miles In.

**Objections to Interrogatory No. 2.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects

to Interrogatory No. 2 to the extent that it purports to impose on VWGoA discovery burdens or

obligations that exceed those permitted under the Applicable Law.  VWGoA further objects to

Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, and calls for

information that is neither relevant to the claims, defenses, or subject matter of, nor proportional

to the needs of, the Action, including because it seeks unnecessary and disproportionately detailed

information specific to non-representative purported class members relative to the needs of the

Action.

VWGoA further objects to Interrogatory No. 2 to the extent it is duplicative of other

discovery requests.  VWGoA further objects to Interrogatory No. 2 on the grounds that collectively

the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of

August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 2.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory

No. 2 because it exceeds the Court's limitation against "more than thirty (30) written

interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119 (August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 3.**

> Identify data or Documents sufficient to show the average revenue per CPO certification recognized by you and/or Volkswagen for each calendar year from 2007 through the present.

**Objections to Interrogatory No. 3.**

VWGoA incorporates by reference its above-stated Objections. VWGoA objects to Interrogatory No. 3 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law. VWGoA further objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information that is more efficiently obtained through document discovery, (ii) it seeks information unrelated to the asserted claims or the purported Class Vehicles, including to the extent that it seeks information regarding vehicles that were not used internally and/or regarding vehicles that do not otherwise meet the definition of Class Vehicles, and (iii) it seeks information that would require onerous search efforts by VWGoA that are not proportional to the needs of the Action.

VWGoA further objects to the time period "through the present" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims, defenses, or subject matter of the Action to the extent that it seeks information outside of the definition of "Class Vehicles" in Definition No. 4 and in paragraph 105 of the Second Amended Complaint. VWGoA further objects to the time period "through the present" on the grounds that

it is overly broad and unduly burdensome to the extent it attempts to impose an ongoing obligation to search for any new information.

VWGoA further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous, including because it fails to explain the phrases "average revenue per CPO certification" and "recognized by you and/or Volkswagen." VWGoA further objects to Interrogatory No. 3 on the grounds that it seeks the discovery of information held by third parties that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.

VWGoA further objects to Interrogatory No. 3 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 3.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 3 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119 (August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 4.**

Identify data or Documents sufficient to show the average gross profit per CPO certification recognized by you and/or Volkswagen for each calendar year from 2007 through the present.

**Objections to Interrogatory No. 4.**

VWGoA incorporates by reference its above-stated Objections. VWGoA objects to Interrogatory No. 4 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law. VWGoA further objects to

-16-

Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information that is more efficiently obtained through document discovery, (ii) it seeks information unrelated to the asserted claims or the purported Class Vehicles, including to the extent that it seeks information regarding vehicles that were not used internally and/or regarding vehicles that do not otherwise meet the definition of Class Vehicles, and (iii) it seeks information that would require onerous search efforts by VWGoA that are not proportional to the needs of the Action.

VWGoA further objects to the time period "through the present" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims, defenses, or subject matter of the Action to the extent that it seeks information outside of the definition of "Class Vehicles" in Definition No. 4 and in paragraph 105 of the Second Amended Complaint. VWGoA further objects to the time period "through the present" on the grounds that it is overly broad and unduly burdensome to the extent it attempts to impose an ongoing obligation to search for any new information.

VWGoA further objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous, including because it fails to explain the phrases "average gross profit per CPO certification" and "recognized by you and/or Volkswagen." VWGoA further objects to Interrogatory No. 4 on the grounds that it seeks the discovery of information held by third parties that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.

VWGoA further objects to Interrogatory No. 4 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 4.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 4 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119 (August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 5.**

Identify data or Documents sufficient to show the percentage of CPO vehicle sales acquired by consumers that involved VW-Credit financing, by calendar year, from 2007 through the present.

**Objections to Interrogatory No. 5.**

VWGoA incorporates by reference its above-stated Objections. VWGoA objects to Interrogatory No. 5 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law. VWGoA further objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information that is more efficiently obtained through document discovery, (ii) it seeks information unrelated to the asserted claims or the purported Class Vehicles, including to the extent that it seeks information regarding vehicles that were not used internally and/or regarding vehicles that do not otherwise meet the definition of Class Vehicles and seeks information regarding "VW-Credit financing," and (iii) it seeks

-18-

information that would require onerous search efforts by VWGoA that are not proportional to the needs of the Action.

VWGoA further objects to the time period "through the present" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims, defenses, or subject matter of the Action to the extent that it seeks information outside of the definition of "Class Vehicles" in Definition No. 4 and in paragraph 105 of the Second Amended Complaint.  VWGoA further objects to the time period "through the present" on the grounds that it is overly broad and unduly burdensome to the extent it attempts to impose an ongoing obligation to search for any new information.

VWGoA further objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous, including because it fails to explain the phrases "acquired by consumers" and "involved VW-Credit financing."  VWGoA further objects to Interrogatory No. 5 on the grounds that it seeks the discovery of information held by third parties, including VW Credit, Inc., that is outside the possession, custody, or control of VWGoA.

VWGoA further objects to Interrogatory No. 5 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 5.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 5 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court."  *See* Order, ECF No. 119 (August 10, 2020).  VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

-19-

**Interrogatory No. 6.**

Identify composite dealer financial statements for each geographic Region of the United States as defined by you in the ordinary course of your business (i.e. Midwest Northeast, Pacific, South Central, Southeast), for each year-end from 2007 through the present.

**Objections to Interrogatory No. 6.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects to Interrogatory No. 6 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law.  VWGoA further objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information that is more efficiently obtained through document discovery and (ii) it seeks information unrelated to the asserted claims or the purported Class Vehicles.

VWGoA further objects to the time period "through the present" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims, defenses, or subject matter of the Action to the extent that it seeks information outside of the definition of "Class Vehicles" in Definition No. 4 and in paragraph 105 of the Second Amended Complaint.  VWGoA further objects to the time period "through the present" on the grounds that it is overly broad and unduly burdensome to the extent it attempts to impose an ongoing obligation to search for any new information.

VWGoA further objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous, including because it fails to explain the phrase "composite dealer financial statements."  VWGoA further objects to Interrogatory No. 6 on the grounds that it seeks the discovery of information held by third parties, such as dealerships, that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.

VWGoA further objects to Interrogatory No. 6 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 6.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 6 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119 (August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 7.**

For each model year vehicle that includes one or more Class Vehicles, identify a data file containing the following for ALL vehicles sold by you to U.S. dealerships:

a)   VIN;
b)   Date of first wholesale sale – that is, the date you or VW Credit, Inc., or Volkswagen first sold each such vehicle to a dealership; and,
c)   Date of first retail sale (RDR).

**Objections to Interrogatory No. 7.**

VWGoA incorporates by reference its above-stated Objections. VWGoA objects to Interrogatory No. 7 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law. VWGoA further objects to Interrogatory No. 7 to the extent it is duplicative of Interrogatory No. 1, and VWGoA incorporates by reference its objections to Interrogatory No. 1.

VWGoA further objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information for "ALL vehicles" "[f]or each model year that includes one or more Class Vehicles,"

(ii) it seeks information unrelated to the asserted claims or purported Class Vehicles, (iii) it seeks unnecessary and disproportionately detailed information specific to non-representative purported class members relative to the needs of the Action, and (iv) it seeks information that would require onerous search efforts by VWGoA that are not proportional to the needs of the Action.

VWGoA further objects to Interrogatory No. 7 on the grounds that is vague and ambiguous because it fails to explain the phrase "Date of first retail sale (RDR)." VWGoA further objects to Interrogatory No. 7 on the grounds that it seeks the discovery of information held by third parties, such as dealerships and VW Credit, Inc., that is outside the possession, custody, or control of VWGoA and/or to which VWGoA has no legal right of access.

VWGoA further objects to Interrogatory No. 7 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 7.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 7 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119 (August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 8.**

For each model year vehicle that includes one or more Class Vehicles, identify a data file containing the following:

a)      Option Decoder or similar document correlating option codes with verbal description of options, e.g., "Tow Package = TWP."; and,

b)      Order guides showing Invoice and list prices (MSRP) associated with each option code.  Please ensure that Order guides provided include prices for options packages, e.g., "Convenience Package."

**Objections to Interrogatory No. 8.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects to Interrogatory No. 8 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law.  VWGoA further objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information unrelated to the asserted claims or purported Class Vehicles and (ii) it seeks information that is more efficiently obtained through document discovery.

VWGoA further objects to Interrogatory No. 8 on the grounds that is vague and ambiguous because it fails to explain the phrase "correlating option codes with verbal description of options," and "Order guides."  VWGoA further objects to Interrogatory No. 8 on the grounds that it seeks the discovery of information held by third parties, such as dealerships, that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.

VWGoA further objects to Interrogatory No. 8 on the grounds that that it combines at least two separate interrogatories and asserts them as a single interrogatory, and that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 8.**

               In light of the foregoing Objections, VWGoA will not respond to Interrogatory

No. 8 because it exceeds the Court's limitation against "more than thirty (30) written

interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119

(August 10, 2020). VWGoA is willing to meet and confer with Plaintiffs regarding the application

of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 9.**

        Please describe in detail the meaning of the following so-called SNR option codes that you
and/or Volkswagen uses to track or otherwise identify certain features or characteristics of
its vehicles: S99, S39, S63, S0B, S8I, S0B, SA0, S0E, SL3, S98, SJ0, S0C, S0L, S0T, S5F,
S5T, S77, S7Q, SL2, SV3.

**Objections to Interrogatory No. 9.**

               VWGoA incorporates by reference its above-stated Objections. VWGoA objects

to Interrogatory No. 9 to the extent that it purports to impose on VWGoA discovery burdens or

obligations that exceed those permitted under the Applicable Law. VWGoA further objects to

Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, and calls for

information that is neither relevant to the claims, defenses, or subject matter of, nor proportional

to the needs of, the Action, including because (i) it seeks information unrelated to the asserted

claims or the purported Class Vehicles and (ii) it seeks information that is more efficiently obtained

through document discovery. VWGoA further objects to Interrogatory No. 9 on the grounds that

it is overly broad and unduly burdensome, including because it purports to require VWGoA to

"describe in detail the meaning" of subject matter that is not reasonably amenable to an

interrogatory response.

               VWGoA further objects to Interrogatory No. 9 on the grounds that is vague and

ambiguous, including because it fails to explain the phrase "you and/or Volkswagen uses to track

or otherwise identify certain features or characteristics of its vehicles."  VWGoA further objects to Interrogatory No. 9 on the grounds that it assumes the existence of facts that do not exist or the occurrence of events that did not occur, including to the extent that it assumes VWGoA and/or Volkswagen "uses" "so-called SNR option codes" to "track" vehicles.

VWGoA further objects to Interrogatory No. 9 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 9.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 9 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court."  *See* Order, ECF No. 119 (August 10, 2020).  VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 10.**

Of the SNR option codes identified in Interrogatory No. 9 above, identify each such code that is intended to indicate any type of restriction on the sale or resale of the vehicle to which any such code is assigned, explain the extent of any such restriction, and identify the person within VWGOA most knowledgeable about such codes and restrictions.

**Objections to Interrogatory No. 10.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects to Interrogatory No. 10 to the extent that it purports to impose on VWGoA discovery burdens or obligations that exceed those permitted under the Applicable Law.  VWGoA further objects to Interrogatory No. 10 to the extent it refers to or incorporates Interrogatory No. 9, and VWGoA incorporates by reference its objections to Interrogatory No. 9.

VWGoA further objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks information unrelated to the asserted claims or the purported Class Vehicles and (ii) it seeks information that is more efficiently obtained through document discovery. VWGoA further objects to Interrogatory No. 10 on the grounds that it is overly broad and unduly burdensome, including because it purports to require VWGoA to "explain" a detailed subject matter that is not reasonably amenable to an interrogatory response. VWGoA further objects to Interrogatory No. 10 on the grounds that it requires VWGoA to speculate about individuals' "knowledge[]."

VWGoA further objects to Interrogatory No. 10 on the grounds that is vague and ambiguous, including because it fails to explain the phrases "intended to indicate any type of restriction on the sale or resale of the vehicle to which any such code is assigned" and "extent of any such restriction." VWGoA further objects to Interrogatory No. 10 on the grounds that it assumes the existence of facts that do not exist or the occurrence of events that did not occur, including to the extent that it assumes SNR codes are "intended to indicate any type of restriction on the sale or resale of the vehicle."

VWGoA further objects to Interrogatory No. 10 on the grounds that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 10.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 10 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court." *See* Order, ECF No. 119

-26-

(August 10, 2020).  VWGoA is willing to meet and confer with Plaintiffs regarding the application

of the numerical limit on written interrogatories to the parties in this Action.

**Interrogatory No. 11.**

> For each Class Vehicle, state the amount for which such vehicle was first sold by your dealer as a CPO car, itemize all other charges relating to the sale (i.e. tax/title/fees etc.), and identify each Buyer's Order that memorializes each such sale.

**Objections to Interrogatory No. 11.**

VWGoA incorporates by reference its above-stated Objections.  VWGoA objects

to Interrogatory No. 11 to the extent that it purports to impose on VWGoA discovery burdens or

obligations that exceed those permitted under the Applicable Law.

VWGoA further objects to Interrogatory No. 11 on the grounds that it is overly

broad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses,

or subject matter of, nor proportional to the needs of, the Action, including because (i) it seeks

information unrelated to the asserted claims or the purported Class Vehicles, (ii) it seeks

unnecessary and disproportionately detailed information specific to non-representative purported

class members relative to the needs of the Action, (iii) for Named Plaintiffs, it seeks information

to which Plaintiffs and VWGoA have equal access, (iv) it seeks information that is more efficiently

obtained through document discovery, (v) it seeks information "[f]or each Class Vehicle" when

information for a subset of purported Class Vehicles would suffice, and (vi) it seeks information

that would require onerous search efforts by VWGoA that are not proportional to the needs of the

Action.

VWGoA further objects to Interrogatory No. 11 on the grounds that it is vague and

ambiguous, including because it fails to explain the phrases "itemize all other charges" and

"Buyer's Order that memorializes each such sale."  VWGoA further objects to Interrogatory

No. 11 on the grounds that it seeks the discovery of information, such as "Buyer's Order[s]" or

-27-

"itemize[d] all other charges," held by parties other than VWGoA, such as dealerships and private individuals, that is outside the possession, custody, or control of VWGoA and to which VWGoA has no legal right of access.  VWGoA further objects to Interrogatory No. 11 to the extent it is duplicative of other discovery requests.

VWGoA further objects to Interrogatory No. 11 on the grounds that that it combines at least three separate interrogatories and asserts them as a single interrogatory, and that collectively the Interrogatories exceed the numerical limit on interrogatories imposed by the Court's Order of August 10, 2020 (ECF No. 119).

**Response to Interrogatory No. 11.**

In light of the foregoing Objections, VWGoA will not respond to Interrogatory No. 11 because it exceeds the Court's limitation against "more than thirty (30) written interrogatories, including parts and subparts, without leave of court."  *See* Order, ECF No. 119 (August 10, 2020).  VWGoA is willing to meet and confer with Plaintiffs regarding the application of the numerical limit on written interrogatories to the parties in this Action.

Dated:  January 7, 2021                                          Respectfully submitted,

MCGUIREWOODS LLP                                      SULLIVAN & CROMWELL LLP

*/s/ Frank Talbott V*                                       Robert J. Giuffra Jr. (*pro hac vice*)
Terrence M. Bagley (VSB No. 22081)              Suhana S. Han (*pro hac vice*)
Kenneth W. Abrams (VSB No. 78216)            Adam R. Brebner (*pro hac vice*)
Frank Talbott V (VSB No. 86396)                   125 Broad Street
Gateway Plaza                                                  New York, NY  10004
800 East Canal Street                                       Tel:  212-558-4000
Richmond, VA  23219                                      Fax:  212-558-3588
Tel:  804-775-4773                                           giuffrar@sullcrom.com
Fax:  804-698-2323                                          hans@sullcrom.com
tbagley@mcguirewoods.com                          brebnera@sullcrom.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com                          Judson O. Littleton (*pro hac vice*)
                                                                      1700 New York Avenue, NW
                                                                      Suite 700
                                                                      Washington, DC  20006
                                                                      Tel:  202-956-7500
                                                                      Fax:  202-293-6330
                                                                      littletonj@sullcrom.com

                                                                      *Counsel for Volkswagen Group of America, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 7, 2021, a true and correct copy of the foregoing

instrument was emailed to:

> Michael J. Melkersen, Esq.
> Melkersen Law Group, LLC
> 5 Surfside Road – Palmas Del Mar
> Humacao, Puerto Rico 00791
> Tel.:  540-435-2375
> Fax:  540-740-8851
> Email:  mike@mlawpc.com
>
> Joseph F. Rice, Esq.
> Kevin R. Dean, Esq.
> Motley Rice LLC
> 28 Bridgeside Boulevard
> Mount Pleasant, South Carolina 29464
> Tel.:  843-216-9000
> Fax:  843-216-9440
> Email:  jrice@motleyrice.com
>         kdean@motleyrice.com

/s/ <em>Frank Talbott V</em>        

Frank Talbott V (VSB No. 86396)
