IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Civil Action No. 1:19cv331-LO-MSN |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

DECLARATION OF SUHANA S. HAN

Suhana S. Han hereby declares under penalty of perjury as follows:

1. I am a member of the Bar of the State of New York and a partner of Sullivan & Cromwell LLP, counsel in the above-captioned action for Defendants Volkswagen Group of America, Inc. ("VWGoA") and Volkswagen Aktiengesellschaft ("VW AG," and together, "Defendants"). I have been admitted *pro hac vice* to appear in this action.

2. I submit this Declaration on behalf of VWGoA in support of VWGoA's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel, filed concurrently herewith.

3. Starting in May 2020, Plaintiffs have served 128 separate document requests and over 40 interrogatories on VWGoA. *See* Ex's C-D, M-N, attached hereto. Plaintiffs have also served 83 separate document requests and over 30 interrogatories on VW AG (which are not at issue in the present motion). In calculating the number of interrogatories, Defendants count certain multi-part interrogatories as multiple interrogatories, rather than accepting Plaintiffs' numbering of multiple interrogatories as one interrogatory.

4. On September 28, 2020, I wrote to Plaintiffs' counsel on behalf of VWGoA to propose 11 document custodians and 10 different categories of broad search strings, comprising over 1,500 individual terms, attached as Exhibit G. Among other things, to identify any documents related to the vehicles in the putative class, VWGoA agreed to use as search terms the vehicle identification numbers ("VINs") of all 1,541 putative class vehicles identified to date. VWGoA designed these searches to identify documents potentially responsive to Plaintiffs' non-objectionable document requests. And on top of those searches, in accordance with the Court's guidance at the July 31, 2020 hearing, VWGoA has applied the same proposed search strings (without limitation by custodian) to search the entire "Diesel" database, which contains about four million documents. These electronic searches resulted in about 188,000 hits (including document families).

5. In the interest of time, VWGoA arranged to begin document review immediately after my September 28, 2020 letter to Plaintiffs' counsel and began rolling productions of electronically stored information ("ESI") on October 21, 2020.

6. Between September 28, 2020 and February 17, 2021, Plaintiffs have requested, in serial fashion, that VWGoA add at least 74 additional custodians and 34 additional search strings. *See* Ex's H, J, and X, attached hereto. VWGoA agreed to add 25 custodians and 32 search strings, some in the form proposed by Plaintiffs, and others in modified form pursuant to the parties' negotiations. *See* Ex's I, K, and X, attached hereto. These additional custodians and search terms have increased VWGoA's review population by over 260,000 documents.

7. As of February 17, 2021, VWGoA has agreed to run 42 different search strings, comprising over 1,500 individual terms, over all available email of 36 custodians as well

        as the entire population of documents produced by VWGoA and VW AG stored in the Diesel database (regardless of custodian), over a more than 12-year time period. These searches have resulted in more than 450,000 unique hits, comprising millions of pages requiring review for responsiveness and privilege, which has thus far required more than 12,000 attorney hours of document review at the first-level alone.

8. To date, VWGoA has made 13 ESI productions, which total over 92,000 documents consisting of 600,000 pages and 290 GB of data.

9. VWGoA's document review is ongoing, including documents that hit on the additional search strings to which VWGoA agreed on February 17, 2021. *See* Ex. X, attached hereto. VWGoA anticipates that it will substantially complete its production of responsive, not privileged, documents to Plaintiffs in March 2021, assuming no additional custodians or search strings are required.

10. VWGoA has to date identified a total of 1,541 vehicles that potentially meet Plaintiffs' class definition. Of these 1,541 vehicles, the vast majority are so-called "press vehicles"; only 61 of these vehicles are so-called "pre-production" vehicles built before the start of production, and only 199 of these vehicles are subject to either of the two precautionary recalls identified in Plaintiffs' Second Amended Complaint, NHTSA Part 573 Safety Recall Reports for Recall Nos. 18V-329 and 19V-679, which were initially filed on May 16, 2018 and September 25, 2019, respectively. *See* Ex's A and B, attached hereto.

11. Of these 1,541 vehicles, three are subject to the precautionary recall initiated by VWGoA on September 16, 2020, NHTSA Part 573 Safety Recall Reports for Recall No. 20V-561. The two vehicles cited by Plaintiffs were identified by VWGoA as potentially within the purported class because they were loaned to at least one member of the press and

      otherwise met the conditions in the class definition. In addition, a third VIN (1VWAS7A35GC017382) identified by VWGoA as potentially within the purported class is a pre-production vehicle that otherwise met the conditions in the class definition and was later subject to the September 2020 Recall.

12. VWGoA has to date identified 348 vehicles that potentially meet Plaintiffs' class definition and were subject to *any* settlement or buyback. Of these 348 vehicles, only 154 vehicles were subject to either of the two precautionary recalls identified in Plaintiffs' Second Amended Complaint (*i.e.*, Recall Nos. 18V-329 and 19V-679).

13. As part of the two precautionary recalls identified in Plaintiffs' Second Amended Complaint, VWGoA offered to repurchase vehicles subject to those recalls. The form buyback letter that was sent to customers subject to the recalls is publicly available on the NHTSA website, available at https://static.nhtsa.gov/odi/rcl/2018/RCRIT-18V329-0469.pdf. VWGoA also offered to settle potential claims of certain customers whose vehicles were subject to the two precautionary recalls. VWGoA has produced two samples of the general release forms and a copy of the form buyback letter sent to certain individuals considering a settlement agreement with VWGoA in connection with the two precautionary recalls. *See* Ex's S, T, and V, attached hereto.

14. The Rule 26(f) Discovery Plan entered by this Court required that the parties submit any dispute on the "reasonable numerical limits per side on interrogatories" on or before October 30, 2020. (ECF Nos. 120, 122.) Defendants agreed to Plaintiffs' request to extend that deadline to December 14, 2020.

15. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Part 573 Safety Recall Report for Recall No. 18V-329, initially filed on May 16, 2018, as amended on July 23, 2018.

16. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Part 573 Safety Recall Report for Recall No. 19V-679, initially filed on September 25, 2019, as amended on December 20, 2019.

17. Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiff Ricardo R. Garcia's First Set of Interrogatories, which were served on May 26, 2020.

18. Attached hereto as <u>Exhibit D</u> is a true and correct copy of Plaintiffs' First Requests for Production to Defendant VWGoA, which were served on May 28, 2020.

19. Attached hereto as <u>Exhibit E</u> is a true and correct copy of Plaintiffs' Second Requests for Production to Defendant VWGoA, which were served on June 18, 2020.

20. Attached hereto as <u>Exhibit F</u> is a true and correct copy of a cover letter I sent to Plaintiffs' counsel on September 8, 2020 regarding VWGoA's first production.

21. Attached hereto as <u>Exhibit G</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on September 28, 2020 regarding search strings and custodians.

22. Attached hereto as <u>Exhibit H</u> is a true and correct copy of a letter sent by Plaintiffs' counsel on October 1, 2020 regarding search strings and custodians.

23. Attached hereto as <u>Exhibit I</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on October 15, 2020 regarding search strings and custodians.

24. Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter sent by Plaintiffs' counsel on November 3, 2020 pertaining to discovery matters in this action.

25. Attached hereto as <u>Exhibit K</u> is a true and correct copy of an email sent by Sullivan & Cromwell LLP associate Stephanie Freudenberg on November 13, 2020 regarding search strings, and two hit reports attached to the same email reflecting Plaintiffs' proposed search strings and VWGoA's counter-proposed search strings.

26. Attached hereto as <u>Exhibit L</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on November 25, 2020 regarding custodians.

27. Attached hereto as <u>Exhibit M</u> is a true and correct copy of Plaintiffs' Third Requests for Production to Defendant VWGoA, which were served on December 8, 2020.

28. Attached hereto as <u>Exhibit N</u> is a true and correct copy of Plaintiff Duane K. Glover's First Set of Interrogatories, which were served on December 8, 2020.

29. Attached hereto as <u>Exhibit O</u> is a true and correct copy of an email chain, which includes emails sent by Plaintiffs' counsel on December 8, 2020, 4:40 AM and 5:56 AM, December 16, 2020, and February 3, 2021 regarding custodians.

30. Attached hereto as <u>Exhibit P</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on December 18, 2020 regarding custodians.

31. Attached hereto as <u>Exhibit Q</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on December 19, 2020 regarding search strings and hit reports.

32. Attached hereto as <u>Exhibit R</u> is a true and correct copy of an email sent by Plaintiffs' counsel on December 21, 2020 regarding production of settlement agreements and releases.

33. Attached hereto as <u>Exhibit S</u> is a true and correct copy of sample release form produced by VWGoA bearing production numbers VWGoA-Garcia-00461809-812, which was produced to Plaintiffs on January 5, 2021, which is being filed under seal pursuant to the Stipulated Protective Order.

34. Attached hereto as <u>Exhibit T</u> is a true and correct copy of a form buyback letter produced by VWGoA bearing production numbers VWGoA-Garcia-00461813-817, which was

produced to Plaintiffs on January 5, 2021, which is being filed under seal pursuant to the Stipulated Protective Order.

35. Attached hereto as <u>Exhibit U</u> is a true and correct copy of a letter I sent to Plaintiffs' counsel on January 20, 2021 pertaining to discovery matters in this action.

36. Attached hereto as <u>Exhibit V</u> is a true and correct copy of a sample release form produced by VWGoA bearing production numbers VWGoA-Garcia-00601477-481, which was produced to Plaintiffs on January 21, 2021, which is being filed under seal pursuant to the Stipulated Protective Order.

37. Attached hereto as <u>Exhibit W</u> is a true and correct copy of an email chain, which includes emails I sent to Plaintiffs' counsel on February 5, 2020 and February 17, 2020, pertaining to discovery matters in this action.

38. Attached hereto as <u>Exhibit X</u> is a true and correct copy of an email chain, which includes emails sent by Plaintiffs' counsel on February 10, 2021 and February 18, 2021, and an email sent by Stephanie Freudenberg on February 17, 2021 regarding search strings.

I declare under penalty of perjury that the foregoing is true and correct.

This Declaration was executed in New York County, State of New York on February 24, 2021.

*/s/ Suhana S. Han*
Suhana S. Han