# **<u>EXHIBIT M</u>**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICARDO R. GARCIA, DUANE K. GLOVER, PAUL E. JACOBSON, GAETANO CALISE, MYKHAYLO I. HOLOVATYUK, BRIAN GARCIA, PAUL THOMSON and DAVID HARTMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a/k/a AUDI OF AMERICA, INC., and VOLKSWAGEN AKTIENGESELLSCHAFF,<br><br>Defendants. | Case No.: 1:19-cv-00331-LO-MSN<br><br><br><br><br><br>**PLAINTIFFS' THIRD REQUEST FOR PRODUCTION TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.** |

**TO: COUNSEL FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Plaintiffs, by and through undersigned counsel, and subject to the definitions and instructions set forth hereinafter, issue the following Requests for Production to Defendant Volkswagen Group of America, Inc., to be answered as required by the Federal Rules.

**DEFINITIONS**

The following definitions and instructions shall apply to the Requests below. In the event of ambiguity in one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question:

1. "You" or "VWGOA" means Defendant Volkswagen Group of America, Inc. a/k/a Audi of America, Inc. as well as its subsidiaries (including VW Credit, Inc.), affiliates,

   predecessors, successors, representatives, agents, employees, experts, investigators, attorneys, and/or insurers.

2.  "VWAG" means Defendant Volkswagen Aktiengesellschaff as well as its subsidiaries, affiliates, predecessors, successors, representatives, agents, employees, experts, investigators, attorneys, and/or insurers.

3.  "Volkswagen" means any one or more of VWGOA and/or VWAG, each as separately defined herein, and therefore, is intended to include VW Credit, Inc.

4.  "Class Vehicles" means all Volkswagen-branded cars that were used internally by Volkswagen and later resold by an authorized Volkswagen or Audi dealership as a Certified Pre-Owned ("CPO") vehicle in the United States during the period from January 1, 2007 to March 21, 2019, and which also are one or more of the following: (a) the vehicle is a pre-series, zero series or pre-production car as described in the Second Amended Complaint; (b) a Recalled Vehicle meaning any car referenced in or subject to the May 16, 2018 recall report (National Highway Traffic Safety Administration ("NHTSA") Recall No. 18V-329), as amended; (c) loaned by Volkswagen to one or more members of the automotive press (a "Press Fleet Vehicle"); (d) assigned to a general pool of vehicles for short-term loans to Volkswagen employees for their personal use (a "Pool Fleet Vehicle"); (e) altered after the date of manufacture in such a manner as may affect the conformity of the vehicle with one or more Federal Motor Vehicle Safety Standard(s) or the validity of the vehicle's stated weight ratings or vehicle type classification, but no Alterer's Certificate was affixed to such vehicle; (f) a vehicle for which the mileage identified by Volkswagen on the application for original title was incorrect or otherwise inaccurate; (g) a Recalled Vehicle meaning any car referenced in or subject to the September 25, 2019 recall report

(NHTSA Recall No. 19V-679), as amended; or (h) a Recalled Vehicle meaning any car referenced in or subject to the September 16, 2020 recall report (NHTSA Recall No. 20V-561), as may be amended.

7. "Pre-Production Vehicle" means a vehicle produced before the start of production, including Pre-Series Vehicles and Zero-Series Vehicles.

8. "Pre-Series Vehicle" means a vehicle produced under a method known as the production try-out, which was intended to prove reproducibility, and as is more particularly described in paragraphs 34-35 of the Second Amended Complaint.

9. "Zero-Series Vehicle" means an early production vehicle built after the Pre-Series to ensure the process and product quality is at a customer-acceptable product level, as more particularly described in paragraphs 34-35 of the Second Amended Complaint.

10. "Recalled Vehicle" means a vehicle referenced in or subject to VWGOA's so-called Part 573 Safety Recall Report filed with NHTSA on May 16, 2018 (as amended on July 23, 2018) or was referenced in or subject to VWGOA's so-called Part 573 Safety Recall Report filed with the NHTSA on September 25, 2019 (as amended on December 20, 2019), or was referenced in or subject to VWGOA's so-called Part 573 Safety Recall Report filed with the NHTSA on September 16, 2020, as may be amended.

11. "Press-Fleet Vehicle" means a vehicle that was loaned to one or more members of the automotive press.

12. "Pool-Fleet Vehicle" means a vehicle that Volkswagen assigned to a general pool of vehicles for short-term loans to Volkswagen employees for their personal use.

13. "Leased-Fleet Vehicle" means a vehicle that was leased to one or more Volkswagen employees.

14. "Series-Production Vehicles" means vehicles produced on or after the start of production for a given model year.

15. "Altered Vehicle" means a vehicle that was modified after the date of manufacture for which documentation may be incomplete or in such a manner as may affect the conformity of the vehicle with one or more Federal Motor Vehicle Safety Standard(s) or the validity of the vehicle's stated weight ratings or vehicle type classification

16. "VIN" means the Vehicle Identification Number of a vehicle.

17. "Revenue" or "Gross Profit" or any other financial terminology used herein shall have their usual and ordinary meaning, and in the event of any doubt as to that meaning, the definitions of those terms set forth in Generally Accepted Accounting Principles ("GAAP") shall apply.

18. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

19. The term "concerning" means constituting, evidencing, reflecting, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request. Requests for "documents concerning" means any Documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the Request, including all Documents which reflect, refer, record, are in regard to, in connection with, specify, memorialize, relate, describe, discuss,

consider, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the Request.

20. "Document" means the original (or, if the information called for cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved, and shall mean, without limitation, any written, recorded or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer, electronic storage devices or any other media and includes, without limiting the generality of the foregoing, papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, electronic mail ("e-mails"), text messages, instant Electronic Messages, reports, Studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of Meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral Communications, whether by telephone or face-to-face, contracts, Agreements, drafts or proposed contracts or Agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of Communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

21. "Identify" when used to refer to a natural person, shall mean to set forth that person's: (i) full name and title, if any; (ii) present or last known address; (iii) present or last known business and home telephone number(s); and (iv) present or last known employer.

22. "Identify" when used to refer to a document, shall mean: (i) the date of each document; (ii) the type of each such document (i.e. correspondence, memorandum, business record, etc.); (iii) the identity of the author(s) or preparer(s) of each such document; and (iv) the present location of each such document or copies thereof.

23. "Including" is used to illustrate examples of documents that would be responsive to the Request and should not be construed as limiting the Request in any way.

24. The terms "Plaintiffs" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

## **RULES OF CONSTRUCTION**

1. "Any," "All," and "Each" shall be construed as any, all, and each.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring all responses within the scope of these Requests.

3. The singular form of a noun or pronoun includes the plural form and vice versa.

4. The masculine shall be construed to include the feminine and vice versa.

5. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

6. A term or word defined herein is meant to include both the lower-and-upper case reference to such term or word.

7. The "knowledge," "information," "possession," "custody," and "control" by a Person shall be construed to include such Person's agents, representatives, and attorneys.

## INSTRUCTIONS

1. Each Request set forth herein requires your personal knowledge, and all knowledge available to you by reasonable inquiry, including inquiry of your consultants, representatives, or agents.

2. If you are unable to fully, completely, and adequately answer the following Requests upon exercising due diligence to secure the information to do so, please so state the reason for your inability to provide full, complete, and adequate answers, specifying in each instance your inability to answer the remainder and stating whatever information and/or knowledge available to you regarding the unanswered portions of the request, and to the best of Your knowledge the names, addresses, and telephone numbers of all persons, entities, and/or organizations where such information is, will be, or is believed to be located.

3. These Requests shall be deemed continuing and supplemental responses shall be required immediately upon receipt thereof if you obtain the documents before the time of trial. If any Request is deemed to call for the production of privileged information, you shall provide a log setting forth the following information: (i) the reason for withholding the information; (ii) the present custodian of the information; (iii) a summary of the general subject matter of the information; (iv) a statement of the basis upon which the asserted privilege is claimed; and (v) the individual Request to which the information is responsive. Any information withheld under a claim of privilege must be preserved. If no information is withheld under a claim of privilege, so state.

**RELEVANT TIME PERIOD**

The relevant time period for each Request is from January 1, 2007 to the present (the "Relevant Time Period"), unless otherwise specifically indicated.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you identified in your answer to Interrogatory No. 1 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents you identified in your answer to Interrogatory No. 2 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents you identified in your answer to Interrogatory No. 3 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents you identified in your answer to Interrogatory No. 4 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents you identified in your answer to Interrogatory No. 5 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents you identified in your answer to Interrogatory No. 6 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents you identified in your answer to Interrogatory No. 7 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents you identified in your answer to Interrogatory No. 8 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents you identified in your answer to Interrogatory No. 9 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents you identified in your answer to Interrogatory No. 10 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents you identified in your answer to Interrogatory No. 11 of Plaintiff Duane K. Glover's First Set of Interrogatories, or that you referred to or otherwise utilized to formulate your answer to the same.

**RESPONSE:**

Respectfully submitted this the 8th of December, 2020.

/s/ *Michael J. Melkersen*
Michael J. Melkersen, Esq.
5 Surfside Road – Palmas Del Mar
Humacao, Puerto Rico 00791
Telephone: 540.435.2375
Facsimile: 540.740.8851
Email: mike@mlawpc.com

Joseph F. Rice, Esq. (*Admitted Pro Hac Vice*)
Kevin R. Dean, Esq. (*Admitted Pro Hac Vice*)
Michael J. Quirk, Esq. (*Admitted Pro Hac Vice*)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Telephone: 843.216.9000
Facsimile: 843.216.9440
Email: jrice@motleyrice.com
kdean@motleyrice.com
mquirk@motleyrice.com

*Attorneys for Plaintiffs and Interim Class Counsel*

## **CERTIFICATE OF SERVICE**

I, Lisa Ranaldo, do hereby certify that I have this 8th day of December 2020, I served a copy of *PLAINTIFFS' THIRD REQUEST FOR PRODUCTION TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.* on the individuals below via electronic mail *ONLY* to the following addresses:

**SULLIVAN & CROMWELL LLP**
Robert J. Giuffra Jr., Esq.
Suhana S. Han, Esq.
Adam R. Brebner, Esq.
125 Broad Street
New York, NY 10004
giuffrar@sullcrom.com
hans@sullcrom.com
brebnera@sullcrom.com

Judson O. Littleton, Esq.
1700 New York Ave., NW
Washington, DC 20006
littletonj@sullcrom.com

**MCGUIRE WOODS LLP**
Terrence M. Bagley, Esq.
Kenneth W. Abrams, Esq.
Frank Talbott, V, Esq.
Gateway Plaza
800 Canal Street
Richmond, VA 23219
tbagley@mcguirewoods.com
kabrams@mcguirewoods.com
ftalbott@mcguirewoods.com

*Counsel for Volkswagen Group of America, Inc. and Volkswagen AG.*

                                              /s/ *Lisa Ranaldo*
                                              Lisa Ranaldo, paralegal