**EXHIBIT Q**

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 19, 2020

By E-mail

Michael J. Melkersen, Esq.,
   Melkersen Law Group, LLC,
      5 Surfside Road – Palmas Del Mar,
         Humacao, Puerto Rico 00791.

         Re:   *Garcia, et al.* v. *Volkswagen Group of America, Inc., et al.*,
               Case No. 1:19-cv-331-LO-MSN

Dear Mike:

      On behalf of Defendant Volkswagen Group of America, Inc. ("VWGoA"), I write in response to those portions of your email of November 19, 2020 pertaining to hit reports and search strings related to VWGoA's responses to Plaintiffs' First Requests for Production.

      ***Hit Reports***.  In your November 19 email, you asked several questions regarding the hit reports that we provided to you on November 6 and November 13, 2020.  Our responses to those questions are set forth below.  Although these hit counts reflect the 18 custodians agreed upon as of the date of the hit reports, VWGoA has since agreed to an additional 18 custodians, as set forth in my November 25, 2020 letter.  In addition, the hit reports that we provided on November 6 and November 13, 2020 do not include the hit counts of documents produced by VWGoA and VW AG and stored in the Rational database.  Therefore, the hit counts significantly understate the total number of documents VWGoA is undertaking to review (now up to 395,264 documents, a number that still does not include the additional 18 custodians set forth in my November 25, 2020 letter).  VWGoA is using Deloitte as its document vendor, and Deloitte ran the search strings and generated the hit reports.

1. The "Unique Hits" figures represent documents that hit on a particular search string, and no other search string.  The "Total Number of Hits" figure is the total number of documents that hit on at least one search string (without double counting for documents that hit on more than one search string).

-2-

2. As noted above, the hit reports that we provided on November 6 and November 13 do not include hits from the Rational database. With this letter, we are providing you with hit reports for your November 3 search string proposals and for our November 13 counterproposals for documents in the Rational database that were produced by VWGoA or VW AG (limited to the relevant time period of January 1, 2007 through March 21, 2019).

3. As noted in your follow up email of November 20, 2020, the hit reports refer to the number of documents, and the Bates numbers contained in our production cover letters reflect page counts.

4. The hit report we provided on November 6 indicates that 73,930 documents hit on one or more of the search strings #1-13; when families are included, that figure increases to 156,916 documents. You are correct that not all of the 156,916 documents identified in the November 6 hit report have been produced. Furthermore, VWGoA will not produce all of those documents. As we discussed during our meet-and-confer on November 4, 2020, VWGoA is reviewing the documents that hit on the search strings to determine whether they are responsive to Plaintiffs' First Requests for Production served on VWGoA, as well as for privilege.

5. As explained in my email of November 4, 2020, VWGoA's September 8, 2020 production consisted of easily segregable documents, and VWGoA's October 21, 2020 production is part of the rolling productions of email data collected from the custodians identified in our September 28, 2020 and October 15, 2020 letters.

***Search Strings***. Contrary to your statement in your November 19 email, our objections are not based "on the number of hits alone" that result from your proposed search strings, but instead reflect an effort to compromise where possible while still ensuring that document review and production remains proportional to the claims and defenses in the Action, reasonably tailored to the Requests, and not overly burdensome to VWGoA. The number of hits generated by your search strings is plainly relevant to these considerations, which is why the parties exchange hit reports in the first place.

Your November 19 email also reiterates your prior request that VWGoA propose additional search strings for Request Nos. 41, 43, 46, 57, 64, 73, 74, 75, and 78. But VWGoA has already proposed search strings designed to identify documents potentially responsive to each of those Requests. As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request Nos. 41, 43, 46, 73, 74, 75, and 78, and search string #10 is designed to identify documents potentially responsive to Request No. 64. Although we agreed to meet-and-confer regarding Request No. 57, we believe that search strings #1 and #2 are reasonable searches for documents relating to the alleged class vehicles that are

-3-

potentially responsive to Request No. 57. If you nonetheless wish to propose additional search strings for the Requests mentioned above, in the interest of compromise, we are willing to meet-and-confer regarding whether any such additional search strings may be appropriate.

The following section contains comments on specific search string proposals from your November 19 email:

- <u>Request No. 3 & Search String #11</u>. In your October 1, 2020 letter, you proposed eight search strings apparently designed to identify documents potentially responsive to Request No. 3. VWGoA has produced easily segregable documents responsive to Request No. 3, and search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 3 that relate to the named plaintiffs' vehicles and purported class vehicles. Nevertheless, in the interest of compromise while maintaining proportionality, VWGoA agreed to run all eight of your proposed search strings, as reflected in search string #11 in Exhibit 1 to my October 15, 2020 letter and in the November 6, 2020 hit report, but with a "w/10" proximity operator instead of your proposed "AND" connector. You nevertheless insisted without explanation in your November 3, 2020 letter that these eight search strings be run with "AND" connectors. VWGoA again compromised in its November 13, 2020 counterproposal, agreeing to use a "w/20" proximity operator for these search strings.

- As explained below, VWGoA does not agree to any additional expansion of these eight search strings. The eight search strings set forth in VWGoA's November 13 hit report, in combination with search strings #1 and #2 and searches for easily segregable documents, are more than reasonable and proportionate searches for documents potentially responsive to Request No. 3. VWGoA objects to any attempt to expand Request No. 3 beyond its text, or beyond VWGoA's agreement to conduct reasonable searches for, and produce, non-privileged documents responsive to Request No. 3 relating to the named plaintiff vehicles and purported class vehicles, as many of Plaintiffs' proposed search strings seek to do.

  - *Search String #11_1*. Regardless of whether search string #11_1 is run with an "AND" connector or a "w/20" proximity operator, VWGoA does not agree to undertake the onerous inquiry that would be required to confirm whether search string #11_1 will hit on "the quarterly and annual conformity of production reports" that you request in your November 19, 2020 email, including because "quarterly and annual conformity of production reports" are not requested by Request No. 3.

  - *Search String #11_2*. We disagree with your assertion that your proposed expansion is justified because it "merely attempts to identify conformity of

-4-

    production problems in the putative Class vehicles;" Request No. 3 does not request such information. Nor does Request No. 3 request "weekly Pilot Hall reports." Finally, in light of the many searches that VWGoA is already undertaking to respond to Request No. 3, we do not agree to further expand your own proposal for search string #11_2 by introducing the wild card term CQ* "to replace CQ-A and CQ-P."

- *Search String #11_3*. You assert that VWGoA used "forms . . . as part of its normal policies and procedures, to attempt to justify the sale of cars that it previously recognized were illegal to sell." Search strings #1 and #2 are designed to identify such forms, to the extent they exist, as they relate to the named plaintiffs' vehicles and purported class vehicles. There is therefore no basis for further expanding search string #11_3.

- *Search String #11_5*. You have not provided any reasonable basis to further expand search string #11_5. We note that any differences in hit count reflected in the November 13, 2020 hit reports does not capture the additional hits that will be generated by removal of the proximity operator across the emails of the additional 18 custodians we agreed to add in my November 25, 2020 letter, or across the documents produced by VWGoA and VW AG and stored in the Rational database.

- *Search String #11_6*. We disagree that the proximity operator "would eliminate many highly relevant documents." In the absence of a proximity operator, search string #11_6 is likely to hit on many irrelevant documents that are not responsive to Request No. 3, or to any other Request, as long email threads may hit on multiple terms without any relation to each other. Specifically, the absence of the proximity operator results in an additional 6,241 direct hits, even without including families. And that number does not include the increase in hits that would be generated across the emails of the additional 18 custodians we agreed to add in my November 25, 2020 letter or the documents VWGoA has agreed to search in the Rational database. We further note that search string #27 is specifically designed to identify potentially responsive documents sent or received by Chi-Han Chen.

- *Search String #11_7*. Again, in the absence of a proximity operator, search string #11_7 is likely to hit on many irrelevant documents that are not responsive to Request No. 3, or to any other Request. Specifically, the absence of the proximity operator results in an additional 3,318 direct hits, even without including families. Again, that number does not account for the increase in hits that would be generated across the emails of the additional 18 custodians we agreed to add in my November 25, 2020 letter or the documents VWGoA has agreed to search in the Rational database. We further note that

-5-

>VWGoA has already run search string #11_7 over the 18 custodians identified in the November 13, 2020 hit reports with the terms "CPO," "certified pre-owned," and "certified pre owned" included, as reflected in the November 13, 2020 hit report. We are unwilling to run search string #11_7 with an "AND" connector, but if you believe "CPO," "certified pre-owned," and "certified pre owned" are unnecessary terms, we will remove them from search string #11_7 going forward (i.e., when the search strings are run over the data for the additional 18 custodians we agreed to add in my November 25, 2020 letter).

- <u>Request No. 12 & Search Strings #14-19</u>. In your November 3, 2020 letter, you proposed six search strings apparently designed to identify documents potentially responsive to Request No. 12, which asks for "All correspondence between Volkswagen and any other entity referencing or discussing the legality of selling and/or operating any of the Class Vehicles." VWGoA does not agree to add these six additional search strings #14-19. As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 12 that relate to the named plaintiff vehicles and purported class vehicles, and VWGoA objects to any attempt to expand Request No. 12 beyond its text, which explicitly limits Request No. 12 to documents relating to the purported class vehicles. With respect to your requests for the hit lists associated with these search strings, note that VWGoA already provided hit counts for search strings #14-19 in the November 13, 2020 hit report. However, VWGoA provides the hit counts for these search strings again in its hit report of your November 19, 2020 counterproposals.

- <u>Request No. 21 & Search String #23</u>. In your November 3, 2020 letter, you proposed search string #23 to identify documents potentially responsive to Request No. 21, which asks for "All correspondence **between Volkswagen and Carfax** referencing or relating to the Carfax Price Calculator contained with the Carfax reports[]" (emphasis added). As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 21 that relate to the named plaintiff vehicles and purported class vehicles. As such, and because the Request explicitly asks for correspondence between Volkswagen and Carfax, search string #23 is appropriately limited to emails that contain an @carfax.com domain. Again, with respect to your request that we provide a "hit list," note that VWGoA already provided hit counts for search string #23 in the November 13, 2020 hit report of your November 3, 2020 proposals. However, VWGoA provides the hit counts for this search string again in its hit report of your November 19, 2020 counterproposals.

- <u>Request No. 43 & Search Strings #24-25</u>. In your November 3, 2020 letter, you proposed two search strings apparently designed to identify documents potentially responsive to Request No. 43, which asks for "All correspondence or documents

-6-

discussing or referencing the scrapping, destruction or export of any of the Class Vehicles, or any Pre-Production Vehicles, Pre-Series Vehicles, Zero-Series Vehicles." VWGoA does not agree to add your two additional search strings #24-25, either as initially proposed in your November 3, 2020 letter or as revised in your November 19, 2020 email. As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 43 that relate to the named plaintiff vehicles and purported class vehicles, and VWGoA objects to any attempt to expand Request No. 43 beyond documents relating to the purported class vehicles.

- Request No. 48 & Search String #26. In your November 3, 2020 letter, you proposed search string #26, apparently designed to identify documents potentially responsive to Request No. 48, which asks for "All incoming and outgoing e-mail to and from your employee Tim Glynn regarding the scrapping of vehicles or the legality of reselling certain Volkswagen-branded cars to consumers." As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 48 that relate to the named plaintiff vehicles and purported class vehicles. However, in the interest of compromise, VWGoA agreed in our email of November 13, 2020 attaching the hit report of VWGoA's counterproposals to run search string #26, with the minor modifications set forth in the hit report. Given that VWGoA already compromised by agreeing to run the modified search string #26, and Tim Glynn is a custodian over whose emails the other search strings set forth in the November 13, 2020 hit report are run, search string #26 is appropriately limited to emails "to and from" Tim Glynn (consistent with the express terms of Request No. 48).

- Request No. 49 & Search String #27. In your November 3, 2020 letter, you proposed search string #27, apparently designed to identify documents potentially responsive to Request No. 49, which asks for "All incoming and outgoing e-mail to and from your employee Chi-han Chen that references or relates to the selling of Pre-Production Vehicles, Pre-Series Vehicles or Zero-Series Vehicles, including, but not limited to, any correspondence with any VWAG or Audi AG employee(s) that purportedly authorized or instructed Chen to sell such Pre-Production Vehicles, Pre-Series Vehicles or Zero-Series Vehicles." As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 49 that relate to the named plaintiff vehicles and purported class vehicles. However, in the interest of compromise, VWGoA agreed in our email of November 13, 2020 attaching the hit report of VWGoA's counterproposals to run search string #27, with the minor modifications set forth in the hit report. Given that VWGoA already compromised by agreeing to run the modified search string #27, and Chi-Han Chen is a custodian over whose emails the other search strings set forth in the November 13, 2020 hit report are run, search string #27 is appropriately limited

to emails "to and from" Chi-Han Chen (consistent with the express terms of Request No. 49) and using the "w/20" proximity connector.  Furthermore, given that Chi-Han Chen is located in the United States, and we understand that the vast majority of his email communications are in English, VWGoA does not agree to add the additional German-language terms you propose in your November 19, 2020 email.

- Request Nos. 53 & 54 & Search String #28.  In your November 3, 2020 letter, you proposed search string #28 only if VWGoA "claim[s]" that documents responsive to Request Nos. 53 and 54 "are not easily segregable."  As set forth in my October 15, 2020 letter, search string #6 is designed to identify documents potentially responsive to Request Nos. 53 and 54.  VWGoA does not agree to broaden the search terms because they are overly broad and call for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action.  As such, VWGoA does not agree to search string #28, either as proposed in your November 3, 2020 letter or your November 19, 2020 email.

- Request No. 64 & Search String #29.  In your November 3, 2020 letter, you proposed search string #29, apparently designed to identify documents potentially responsive to Request No. 64, which asks for "All documents discussing or related to vehicles that were altered by you after the date of original manufacture[.]"  VWGoA does not agree to add search string #29.  As set forth in my October 15, 2020 letter, search string #10 is designed to identify documents potentially responsive to Request No. 64.  In addition, VWGoA objects to adding the proposed search terms because they are designed to seek documents regarding matters outside the scope of the Second Amended Complaint.

- Request No. 86 & Search String #30.  We note that we agreed to run search string #30 as you proposed in your November 3, 2020 letter.  However, VWGoA is willing to run search string #30 as amended in your November 19, 2020 email ("caution:  pre-production model").  In addition, VWGoA notes that it has already produced eight ETKA readouts for the named plaintiffs in our November 6, 2020 document production.

- Request No. 88 & Search String #32.  In your November 3, 2020 letter, you proposed search string #32, apparently designed to identify documents potentially responsive to Request No. 88, which asks for "All internal correspondence, studies, reports or other documents that reference or explain how you determined that the defect you identified in the Recalled Vehicles 'relates to motor vehicle safety' and that 'there could be an increased risk of a crash, fire or injury' for those who use a Recalled Vehicle as described by you in documents you submitted to the NHTSA."  As set forth in my October 15, 2020 letter, search

-8-

string #4 is designed to identify documents potentially responsive to Request No. 88. However, in the interest of compromise, VWGoA agreed in the November 13, 2020 hit report to run search string #32, with the minor modifications set forth in the hit report. VWGoA does not agree to run search #32 without these modifications. In addition, VWGoA objects to adding the proposed search terms because they are designed to seek documents regarding matters outside the scope of the Second Amended Complaint.

- <u>Request No. 89 & Search String #33</u>. In your November 3, 2020 letter, you proposed search string #33, apparently designed to identify documents potentially responsive to Request No. 89, which asks for "All documents referencing or related to the differences between Pre-Production Vehicles and Series Production Vehicles and how those differences might impact safety, safety ratings, crash worthiness or regulatory compliance." As set forth in my October 15, 2020 letter, search strings #1 and #2 are designed to identify documents potentially responsive to Request No. 89 that relate to the named plaintiff vehicles and purported class vehicles. However, in the interest of compromise, VWGoA agreed in the November 13, 2020 hit report to run search string #33, with the minor modifications set forth in the hit report. Given that VWGoA already compromised by agreeing to run the modified search string #33, search string #33 is appropriately limited as set forth in the November 13, 2020 hit report. We note that any differences in hit count reflected in the November 13, 2020 hit reports does not capture the additional hits that will be generated by the additional 18 custodians we agreed to add in my November 25, 2020 letter, or across the documents produced by VWGoA and VW AG and stored in the Rational database.

\*   \*   \*

Let us know if you have any questions or concerns about the foregoing.

Sincerely,

*/s/ Suhana S. Han*

Suhana S. Han

cc: Counsel of record