aIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RICARDO R. GARCIA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19cv331-LO-MSN |
| | ) | |
| VOLKSWAGEN GROUP OF AMERICA, | ) | |
| INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

THIS MATTER is before the Court on plaintiffs' motion to compel (Dkt. No. 182) and defendant Volkswagen Group of America, Inc.'s ("VWGOA") motion for leave to file response to plaintiffs' status report (Dkt. No. 213).

On March 19, 2021, plaintiffs filed a motion to compel seeking *in camera* review of forty one (41) contested documents withheld by VWGOA and included on the privilege and redaction log. (Dkt. No. 182). The Court heard oral argument via videoconference on March 26, 2021 (Dkt. No. 201) and continued the hearing for one week, instructing VWGOA to provide updated descriptions of the contested documents by Tuesday, March 30, 2021. The Court also directed plaintiffs to file a status report with the Court identifying any remaining disagreements by Wednesday, March 31, 2021. (Dkt. No. 202). VWGOA updated the description portions of its privilege log as directed and, as a result, plaintiffs subsequently withdrew their request for *in camera* review for all but eight (8) remaining contested documents. (Dkt. No. 206).

On April 1, 2021, VWGOA moved for leave to file a response to plaintiffs' status report. (Dkt. No. 213). Upon consideration of VWGOA's motion, it is hereby

ORDERED that VWGOA's motion for leave to file response (Dkt. No. 213) is hereby GRANTED.

Fed. R. Civ. P. 26(b)(5) requires the party asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Plaintiffs have conceded that VWGOA's privilege log meets the requirements of the federal rules. It is, therefore, plaintiffs' burden to demonstrate a "factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (internal quotation marks omitted). Plaintiffs argue that the remaining eight (8) documents involve non-lawyer employees and may contain non-privileged business information rather than legal advice or information gathered at the request of in-house or outside counsel. Based upon the record before the Court, VWGOA's updated privilege and redaction logs, and response to the status report, VWGOA has provided sufficient detail and context to identify the disputed documents as legal in nature and warranting protection. Accordingly, plaintiffs have not made the threshold showing necessary to justify *in camera* review at this time. For these reasons, it is

ORDERED that the motion to compel *in camera* review (Dkt. No. 182) is DENIED.

IT IS SO ORDERED this 5th day of April, 2021.

/s/
The Honorable Michael S. Nachmanoff
United States Magistrate Judge