UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICARDO R. GARCIA, DUANE K. GLOVER, PAUL E. JACOBSON, GAETANO CALISE, MYKHAYLO I. HOLOVATYUK, BRIAN GARCIA, PAUL THOMSON, AND DAVID HARTMAN, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a/k/a AUDI OF AMERICA, INC., and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>           Defendants. | CIVIL ACTION NO. 1:19-CV-00331-LO-MSN |

## CARFAX, INC.'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiff Carfax, Inc. ("Carfax"), through counsel, files this opposition to Plaintiffs' Renewed Motion For An Order to Show Cause.

This litigation, to which Carfax is not a party, commenced in March of 2020. Upon information and belief, discovery began in August of 2020. Carfax was mentioned in the original complaint, yet Plaintiffs waited until March of 2021 to first seek information from Carfax.

On March 12, 2021, Carfax received a third-party subpoena served by Plaintiffs in this matter. *See* March 12, 2021 Subpoena (attached as Exhibit A to Plaintiffs' Motion). The subpoena purported to require Carfax to produce documents and testify regarding a large number of "Subject Vehicles," defined as certain Volkswagen-branded vehicles that Carfax "possessed, managed, repaired, serviced, or inspected." Carfax does not possess, manage, repair, service or

1

inspect vehicles. Accordingly, Carfax's legal department informed Plaintiffs that it did not participate in these activities and therefore had no documents responsive to the subpoena. Carfax reiterated this in a June 10, 2021 letter to Plaintiffs. *See* June 10, 2021 Letter (attached as Exhibit D to Plaintiffs' Motion). Despite this, Carfax's legal department attempted to work with Plaintiffs to explain Carfax's business in order to allow Plaintiffs to serve a second subpoena.

On July 15, 2021, Plaintiffs served a second subpoena on Carfax. *See* July 15, 2021 Subpoena (attached as Exhibit G to Plaintiffs' Motion). The July 15 subpoena covered the time period January 1, 2007 through March 21, 2019, more than 12 years. Critically, Carfax could not meaningfully ascertain from the subpoena what documents Plaintiffs were seeking, because the subpoena is incredibly broad and based on conjecture, not fact. For example, Carfax is not aware of any breach of contract issue with Volkswagen ("VW"). Nor does Carfax have any "knowledge . . . that Volkswagen was not reporting or was not accurately reporting vehicle damage or wrecks" to Carfax.

Carfax's counsel began a series of conversations with Plaintiffs' counsel in which Carfax expressed confusion over the July 15 subpoena and sought clarification. It was not until a telephone conversation on August 9, 2021 that Plaintiffs finally provided sufficient information to allow Carfax to better understand the documents being sought by Plaintiffs. On August 20, 2021, Carfax sent correspondence to Plaintiffs to preserve objections to the subpoena. *See* August 20, 2021 Letter (attached as Exhibit O to Plaintiffs' Motion). This letter explained that it is Carfax's position that it could not meaningfully object to the subpoena until it received the information provided to Carfax on August 9. In particular, Carfax noted in the August 20 letter that Plaintiffs had requested information regarding 6,718 vehicles, and that Carfax expected searching such a high volume of Vehicle Identification Numbers ("VINs") would take a

significant amount of time: "We expect that it will take hundreds of hours of employee time over the course of multiple months to effectively search all of these VINs." This is due to the nature of Carfax's databases – each VIN needs to be searched manually in two separate databases. There is unfortunately no way to automate this process or hire this process out to an outside vendor.

Nonetheless, Carfax agreed to search these VINs, as well as produce "relevant, responsive, non-privileged documents related to the events previously discussed on August 9, 2021 that occurred on or about February 14, 2014." August 20, 2021 Letter. Carfax also agreed to provide a deponent. Said deposition is currently scheduled for September 20, 2021.

Carfax has worked diligently and in good faith to respond to the subpoena. Carfax's legal department is small – including only one litigation attorney and one paralegal. Despite this, and despite other ongoing litigation matters, including other subpoena responses, Carfax has conducted multiple employee interviews, collected and reviewed emails from numerous employees, and searched multiple databases for documents in response to the July 15 subpoena. To date, Carfax has made three productions totaling nearly 1,000 pages. These productions included agreements with VW, emails, reports, and VIN search materials for some portion of the 6,718 VINs listed in the subpoena. Notably, many, if not all, of the documents produced to date could have been just as easily obtained from party VW rather than non-party Carfax.

Despite Plaintiffs' obligations under Federal Rule of Civil Procedure 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," the July 15 subpoena has imposed a significant burden on Carfax, a non-party, by failing to properly ascertain facts, tailor its subpoena, and identify with any degree of particularity the documents sought. Carfax estimates that its employees have thus far expended

approximately 250 hours of employee time responding to the both of Plaintiffs' subpoenas. And Carfax estimates that thus far, it has cost Carfax nearly $40,000 to respond. As a non-party to this litigation, these costs are incredibly burdensome.

While Plaintiffs have expressed frustration regarding the pace of Carfax's production, Carfax has been transparent with Plaintiffs that it would take time to respond to the subpoena, particularly with respect to the 6,718 VINs. Various telephone conversations and Carfax's August 20 letter put Plaintiffs on notice that Carfax's production would likely not be complete by September 23.

Carfax is continuing to work diligently and in good faith to produce documents as quickly as possible. Carfax has no further documents to produce in response to Request Nos. 1, 6, 7, 8, 10, or 13. Carfax has also notified Plaintiffs that it does not have any documents responsive to the subpoena's second and fifth requests. At this time, Carfax estimates that, with the exception of the remaining VIN searches, its production will be substantially complete by September 17, 2021.[1] Carfax further estimates that it will be able to finalize its production of VIN search material for the 6,718 VINs by early October, tentatively by October 1.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion.

---

[1] While it is not unusual to supplement productions even after substantial compliance, Carfax does not, at this time, anticipate needing to produce supplemental materials. However, Carfax reserves the right to do so should it discover responsive documents not previously produced.

[2] This is a much quicker timeline than previously anticipated, primarily because Carfax has pushed out other deadlines to accelerate its response to the July 15 subpoena and devoted significant employee resources to conducting the VIN searches.

Dated: September 15, 2021

Respectfully submitted,

CARFAX, INC.

/s/
Sarah W. Sigurdson (Va. Bar No. 94479)
Carfax, Inc.
5860 Trinity Pkwy., Suite 600
Centreville, VA 20120
Telephone: (703) 934-2664
Facsimile: (703) 995-4664
E-mail: SarahSigurdson@carfax.com

Counsel for Carfax, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served via ECF on all counsel of record on September 15, 2021.

/s/ Sarah W. Sigurdson
Sarah W. Sigurdson